■Wheeler, J.
The assignment of errors and the argument of counsel for the appellant bring hr question the rulings of the court upon the sufficiency of the petition and' the admissibility of evidence and in the instructions to the jury.
*262 It is objected to tlio petition that it is not sufficiently certain in its description of tlie premises. If tlie original petition was obnoxious to this objection as amended, it certainly is not. Tlie field notes are set out and the premises described by reference to the adjoining surveys and to the map of the county, and it is not perceived in what respect greater certainty of description is or can be desired.
It is further objected that the petition sets out matter of evidence. This may be true; the petition may be liable to the objection that it needlessly apprised tlie defendant of the evidence of title intended to be relied on at the trial. But surely this cannot, be canse of complaint to the defendant, nor can it be objected to the legal sufficiency of tlie petition when the facts averred show a right of action. It may not have been judicious in the pleader, lie may have taken upon himself sin unnecessary burden of proof, or have incurred the risk of a variance between iiis averments and proof. But this petition cannot be adjudged insufficient for this cause.
Again, it is objected that the court permitted the plaintiff to amend after the parties liad announced themselves ready for trial. This objection may he answered by a reference to our opinion in the case of Jennings v. Moss. (4 Tex. R., 452.)
Another objection is that the plaintiff seeks to recover on a title acquired after the commencement of tlie suit. This objection is not well founded in fact. Tlie plaintiff’s interest was acquired by purchase in 1843, long before the commencement of the suit. Before partition between tlie plaintiff and ids co-tenant in common he might well maintain this action. 1-Iis amended petition, filed after the partition by which his interest was severed and set apart to him, charges the trespass to have been committed upon the land so set apart to the plaintiff. Iiis right to recover, therefore, was not affected by tlie. partition. The plaintiff’s interest and right was acquired not by tlie act of partition hut by his purchase.
There is nothing in the several rulings of tlie court upon the admissibility of evidence which will authorize a reversal of the judgment. Except as to the depositions of the commissioner, Smith, the grounds of the objection are not stated, but tlie objections are general. Where objections to evidence are such as tlie party by his silence may be deemed to have waived, as where they do not go to tlie relevancy or sufficiency of the evidence proposed to establish the matter of fact in question, it is well settled that they will not be considered by tlie appiellate court unless the ground of tlie objection was assigned at tlie time of making it; and for the obvious reason, that had this been done the party might perhaps have had it in his power to obviate tlie objection.
Tlie depositions of the commissioner appear to have been filed more than two months before the trial, and the objection to their introduction was made orally at the trial. It was not then entitled to be heard, for the reason that it was not made at the time or in the manner prescribed by the statute. (Hart. Dig., art. 733.)
If tlie defendant’s objection to tlie secondary evidence offered at the trial was that the uou-produetiou of the better evidence had not been accounted for, he should have indicated this as tlie ground of his objection at the time. Hot having (lone so, tlie objection comes now too late, and it is not necessary to inquire whether, if rightly taken, it was well founded in fact.
It certainly was competent to show and explain tlie mistake in the initial of the Christian name of the grantee in the entry and delineation of his survey on the county map ; and it is not perceived what other or better evidence than, that offered could have been adduced for that purpose.
The objection to the rulings of tiie court in the instructions to the jury not already disposed of in considering tlie sufficiency of tlie petition, may be answered by a reference to our opinion in the case of Howard and Wife v. Perry. (November Term, 1851, 7 Tex. R., 259.) The certificate having been duly recommended as legal and genuine, it was not incumbent on the plaintiff to prove that the certificate of such recommendation was attached to or *263 accompanied it in the hands of tho surveyor at the time of making the survey. And there is no error in the instructions.
There are various other objections urged to the action and rulings of the court upon tho trial, hut not of a character to require a particular notice.
We are of opiuion that there is no error in the judgment, and that it he affirmed.
Judgment affirmed.
Noth 94. — DeWitt v. Jones, 17 T., 620.
Noth 95. — A plaintiff who at- the time of instituting his suit had a good prima fade title had ii right to protect himself by bringing up a conflicting outstanding title, even after issue joined. (Martin v. Parker, 26 T., 253.)
Note 96. — Watrous v. McGrow, 16 T., 506; Grassmeyer v. Beeson, 18 T., 753; Hooper v. Hall, 30 T., 164; Presley v. Holmes, 33 T., 476.
Note 97. — Hagerty v. Scott, post 525; Bracken v. Neill, 15 T., 109.