## STEPHEN BRAYTON, Plaintiff in Error,

### *vs.*

## BENJAMIN CHASE, Defendant in Error.

### ERROR TO COLUMBIA COUNTY COURT.

In order to give to the disclosures of a party the character of a privileged communication, it must be made to the counsel, attorney or solicitor, acting for the time being in the character of legal adviser..

A communication made to a nonprofessional person, merely employed to assist another at a trial before a justice of the peace, is not privileged, not being an attorney, solicitor or counsellor:

The rule of damages in actions *ex-contractu* is, that the plaintiff, if he recover, is entitled to such damages as shall have been sustained by him, and which resulted naturally and directly from the injury complained of, in other words, "the damage to be recovered must always be the natural and proximate consequence of the act complained of."

On the 16th day of November 1852, Brayton sued Chase by summons in an action of trespass on the case upon promises in the Columbia County Court. The writ was returnable to the Feb. Term 1853, and such proceedings were subsequently had, that at the November Term 1853, the cause was tried, and the plaintiff nonsuited.

The declaration contained two special counts and one common count. Plea the general issue.

The first count in the declaration set forth that the plaintiff was a farmer and had, in the year 1851, large crops of winter and spring grain, and that he would be unable with his hands to harvest it; and that it was necessary to procure some labor saving machine to harvest the same; that on the 20th day of May, 1851, he contracted with the defendant Chase, for a New York reaper, and took said Chase's order on

JUNE TERM
1854.

Brayton
vs.
Chase.

Wells & Hill, of Milwaukee, for the same; the price of the reaper was $120, and the storage that he was to pay, $30, and storage when he received the reaper of Wells & Hill, that he sent a man and team to Milwaukee for the reaper, the man sent by plaintiff, pre" sented the order of Chase to Messrs. Wells & Hill, at Milwaukee, for the New York reaper, and also offered to pay the sum of $30 and storage on the reaper; Wells & Hill refused to receive the money or to an- swer the order, and the man returned without the reaper. The plaintiff then avers that he was to great expense in sending for the reaper, that he suf- fered great loss and damage in his crops, and in extra expense in hiring hands to harvest the same.

The second count was of similar import, and fol- lowing were the common counts.

On the trial the plaintiff proved by O. H. Howe, that Chase said he had sold Brayton a New York reaper for $120,—$30 on delivery, and the balance in one and two years.

On cross examination the defendant proposed to have the witness disclose what Brayton had told him on a certain occasion,—to this disclosure the plaintiff objected, because if he had disclosed to the witness anything at the time referred to, it was told to him as the counsel or agent of said Brayton, at the time he had a suit with said Chase before a justice about this same subject matter, that Brayton had employed witness to try the cause for him before the justice, and to enable the witness to do it he had made dis- closures, &c.

The witness was not a licensed attorney of any court of record in the State of Wisconsin, it was so admitted; the County Court ruled that the objection

JUNE TERM
1854.

Brayton
vs.
Chase.

could not be sustained, and that witness must relate the conversation. To this ruling of the court the plaintiff excepted, and had his exception noted at the time; the witness among other things testified, that Brayton had not told him that Chase acted as agent, did not know that plaintiff had ever told him that he had bought a reaper of Seymour & Morgan; witness looks at a paper handed him by defendant's attorney signed by plaintiff; cannot say that the paper shown to him is the paper that passed between the parties, thinks that it is the same that was offered in evidence before the justice; the witness identified the signature of the plaintiff, to the paper. The paper purported to be an order of Stephen Brayton on Seymour and Morgan. It requested said Seymour & Morgan to manufacture and deliver to the said Brayton a New York reaper at Milwaukee, to the care of Wells & Hill, on or before the 1st of July, 1851; on the delivery of the machine, Brayton was to pay $30 and the storage, and $90 1st of December, 1852; said that Chase did not disclose that he was acting as agent for Seymour & Morgan. The order given by Chase to plaintiff was then offered and read in evidence and is in the words and figures following, to-wit:

"Mrs. WELLS & HILL,          }
     at Milwaukee.           }

"You will please deliver one of the New York Reaper's to Stephen Brayton of Lowville by his paying "$30 thirty dollars and storage to you.

"Hampden, May 20, 1854.

"BENJ. CHASE."

Other evidence was introduced to prove that the said order had been presented at the warehouse of Wells & Hill, in Milwaukee, but that there were

more orders on file than reapers on hand, and that
none could be obtained which the order called for.
Evidence was offered to prove that the plaintiff had
large quantities of wheat and oats growing on his
land that year, and that the damages which he had
sustained by reason of the non-fulfillment of the con-
tract to deliver the plaintiff a New York reaper was
$264.33; to which the defendant objected, and the
court sustained the objection, and ruled out the evi-
dence. To this ruling the plaintiff excepted.

The defendant then moved the court for a non-suit,
which was granted, and judgment rendered against
the plaintiff for costs; to which exceptions were taken.
To reverse this judgment this writ of error is brought.

*Hand & Ketchum,* for the plaintiff in error.

*Dixon & Prentiss,* for the defendant in error.

*By the Court,* WHITON, C. J. We think the non-
suit in this case was right.

The testimony clearly showed that Chase, the de-
fendant below, acted as the agent of Seymour & Mor-
gan in making the contract with Brayton for the sale
of the reaper, and that that fact was disclosed to the
plaintiff. The objection which was made at the trial
to the disclosure of the witness (Howe), by which
these facts were established, on account of the employ-
ment of Howe to assist the plaintiff at the trial of the
suit before the justice, is untenable. The communi-
cation which was made to the witness by the plaintiff
and which the former disclosed at the trial, was not
privileged. In order to give that character to a com-
munication it must be made to the counsel, attorney
or solicitor, acting for the time being in the character

of legal adviser. (1 *Greenl. sec.* 239 ; *Jackson vs. French*, 3 *Wend. Rep.* 337 ; *Caveny vs. Tannahill*, 1 *Hill. R.* 33; *Greenough vs. Gaskell*, 1 *Mylne and Keene R.* 98. But the witness was merely employed by the plaintiff to assist him at the trial before the justice, and was not an attorney, counsellor or solicitor.

The paper which this witness identified, and which is set forth in the bill of exceptions showed beyond dispute that the contract for the reaper was made by the plaintiff with Seymour & Morgan through their agent Chase, and that the plaintiff was fully aware at the time he made the contract, that he was dealing with Seymour & Morgan, and not with the defendant. This evidence is decisive of the case, but as exception was taken to the ruling of the judge at the trial, by which he excluded testimony offered by the plaintiff upon the subject of damages, we have concluded to express an opinion in regard to it. And we are of opinion that it is entirely correct.

In actions of this nature, if the plaintiff prevails, he is entitled to such damages as shall have been sustained by him, and which resulted naturally and directly from the injury complained of. In other words "the damage to be recovered must always be the natural and proximate consequence of the act complained of." (2 *Greenl. Ev.* § 256 ; *Sedgwick on Measure of Damages*, 66.)

Tested by this rule, the damages which the plaintiff offered to prove, were too remote; and resulted rather from the peculiar situation of the plaintiff than from the breach of the contract. The judgment of the court below must be affirmed.