## McCormick & Bro. v. Vanatta.

1. **Damages:** WHEN TOO REMOTE: WARRANTY. Damages are not recoverable for a breach of warranty when the injury complained of is not the proximate result of the breach.

2. ———: ———: ———: RULE APPLIED. A threshing machine was sold with the warranty that if it did not work well the vendor should be notified, who would put it in order, or, failing in this, take it back and refund the price paid: *Held*, that damages were not recoverable for the loss of "some portion of vendee's crop" by reason of the delay in threshing, caused by the imperfections of the machine.

3. ———: WARRANTY: EVIDENCE. The vendee would not be allowed to recover for the time which his teams and employes lost while waiting for the machine to be repaired.

4. ———: ———: MEASURE OF DAMAGES. The measure of damages is the difference between the actual value of the machine, and what its value would have been if it had been as warranted.

*Appeal from Benton District Court.*

### MONDAY, JUNE 9.

ACTION on certain notes given for a reaping and mowing machine. As a counter claim, defendant states the machine was sold with a warranty, and "if, on one day's trial, the machine should not work well, the purchaser shall give immediate notice to said McCormick & Bro. or their agents, and

allow them to send a person to put it in order; if it cannot be made to work well, it will be taken back and the cash refunded; that the defendant was engaged in farming, and that the machine was purchased and sold for the purpose of cutting his crops for the year 1870; that the machine would not work as warranted, and after trying it one day, he notified plaintiffs of the failure, and they came and took out certain defective parts, put in others, and directed plaintiff to use it; upon another trial, the machine still proved defective, and he again notified plaintiff to make good the deficiencies, according to warranty, or take it away; that defendant was hindered and delayed in cutting his crop, by reason of the machine not being as warranted, and put to great trouble and expense in hiring, boarding, and paying hands, and waiting on said machine, and sustained great loss in not being able to harvest his crop in season, whereby it became too ripe and was shelled out and destroyed, to the great damage of defendant." The material averments in the counter claim, as to the consideration of the notes, the contract and warranty, and the notification of unsoundness of the machine, are admitted in the reply. The cause was referred, and the report of the referee being confirmed, the defendant appeals.

*S. P. Vanatta & Son*, for appellant.

*R. St Clair*, for appellee.

SEEVERS, CH. J.—I. It is agreed by counsel that the only questions for consideration arise on the rulings of the referee on the introduction of evidence in relation to the damages. On the hearing before the referee, the defendant sought to prove "that, by reason of defects in the machine and the delays occasioned thereby, he suffered loss in some portions of his crop of 1870." This being objected to, on the ground that such damages were too remote, the same was sustained by the referee, and such ruling is assigned as error.

It is claimed that *Passenger v. Thornburn*, 34 N. Y., 634, is in point and decisive of the questions involved. In that

case the article sold was warranted to be " bristol cabbage seed and that such seed would produce bristol cabbages", and it was held that plaintiff would be entitled to such damages as were the natural consequences of the breach, which would be the value of a crop of bristol cabbages, such as would ordinarily be produced, deducting the expense of raising and the value of the crop actually raised. It will be seen that the parties contemplated the raising of the crop, and that there was no way of telling whether there was a breach of the warranty without planting the seed and raising the cabbages. Until this was done it was impossible to know whether the seed would produce bristol cabbages or not. At the time of the sale the parties must have understood this was the only test that could determine whether there was a breach or not, and they are presumed to have contracted with reference to the consequences arising therefrom. There could be no return of the property after it was ascertained there was a breach of the warranty.

In *Fisk v. Tank*, 12 Wis., 305, the article warranted consisted of a steam engine, agreed to be furnished for a steamboat, and it was held the rule of damages should have been the difference in value between the machinery furnished and that called for by the contract, including expenses incurred for board, and wages of engineer and seamen, from the time the machinery was to be delivered until it was actually delivered, and the like expenses during the time the boat was laid up by reason of defective machinery. Nothing was allowed as damages except for actual expenses. The conditions of the warranty in the case at bar forbid the presumption that the parties contemplated any such result as that complained of by the defendant. If the machine proved defective, plaintiffs, upon being notified, were to fix it, and if it could not be made to work well, it was to be taken back and the money refunded. The terms of the warranty were, that the machine was good and durable, and that it would reap and rake small grain or flax, in all conditions, as well as it could be done by hand. The plaintiffs did not warrant that the machine would cut the defendant's crop, which would be a necessary ingredient in

the warranty to make *Passenger v. Thornburn, supra,* applicable.

The defendant could, after the plaintiffs attempted, but failed, to make it as good as the warranty, have returned or abandoned the machine. We held, in *Winne v. Kelley,* 34 Iowa, 339, that under a contract to keep a mill dam in repair, and owing to the failure to do so, additional expense was incurred, and that plaintiff lost the gristing of a large number of bushels of wheat, that such damages were too remote; the true rule of damages being the difference in the rental value of the mill and its value if it had been put in the condition the defendant agreed to put it.

We are of opinion there was no error in the action of the referee.

II. The next error assigned arises from the refusal of the referee to permit the defendant to prove "the value of the 3. ——: war- time of his employes and teams, consequent upon ranty: evi- dence. the defects of said machine and the delays occasioned thereby."

According to the terms of the warranty, it evidently was contemplated there might be some delay, because, after one day's trial, the plaintiffs had the right to fix the machine and make it, if they could, such as they had warranted it to be. For such delay the defendant would have no right to any damages. The offer made included such delay and damage, and, therefore, it was rightfully rejected. We are not called on to determine what would be the rule if the offer had not included the time above stated. In *Aultman et al. v. Thierer* 34 Iowa, 272, the defense was that defendant had paid all the machine, in fact, was worth. No claim for damages was made.

III. The rule of damages adopted by the referee, and sustained by the court below, was to allow the defendant the 4. ——: ——: difference in the value of the machine as it was measure of damages. and what it would have been, if it had been as warranted. As the defendant did not return the machine, we think this the correct rule.

The judgment below is, therefore,

                                                                    AFFIRMED.