### WILLIAM WILSON *vs.* PATRICK REEDY and another.

### June 30, 1884.

**Sale—Damages for Breach of Warranty.**—A harvesting machine was sold to the defendants by plaintiff with warranty of its quality and capacity, and which he understood was purchased by them for actual use in harvesting a large crop of grain belonging to them. *Held*, that damages for injury to the grain from delay, while they were experimenting with the machine, and attempting to make it work, cannot fairly be considered such as would arise either naturally from the breach of the contract, or such as may reasonably be supposed to have been contemplated by the parties, when making the contract, as a probable result of the breach. *Frohreich* v. *Gammon*, 28 Minn. 476.

Appeal by plaintiff from a judgment of the district court for Wabasha county, where the action was tried by *Start*, J., and a jury, verdict rendered for defendants, and a motion for a new trial denied.

*E. M. Card*, for appellant.

*H. D. Stocker*, for respondents.

VANDERBURGH, J.[1] This action is brought to recover the amount of two notes, which plaintiff alleges were duly sold and transferred to him, though not indorsed by the payee. The answer denies the transfer, and plaintiff's ownership of the notes, and sets up as an affirmative defence that they were given in consideration of the sale to defendants of a harvesting machine, with warranty of its quality and capacity, which they allege was false, and they claim damages by way of set-off to the amount of such notes.

1. The introduction in the answer of their alleged counterclaim by way of set-off, being a claim growing out of the original transaction of which the notes are a part, is in no way inconsistent with the denial of plaintiff's ownership. The admission implied by such claim goes no further than the original transaction. Plaintiff's point, that it admits his ownership of the notes, is not, therefore, well taken.

2. The only question requiring an examination is in relation to the measure of defendants' damages for the alleged breach of warranty. They claim to be entitled to special damages for injury to their grain by reason of the alleged delay in harvesting, caused by the failure of the machine to work as warranted. The rule as to this class of damages, as laid down in *Hadley* v. *Baxendale*, 9 Exch. 341, and approved in *Paine* v. *Sherwood*, 21 Minn. 225, and in *Frohreich* v. *Gammon*, 28 Minn. 476, 481, is that such damages are recoverable when, from the circumstances of any particular case, they may reasonably be supposed to have been contemplated by the parties, when making the contract, as the probable result of the breach. But we do not think the alleged depreciation in the grain in this case was shown to have been the natural or probable result of the breach of the alleged warranty, as reasonably contemplated by the parties, so as to bring the case within the rule stated. The defendants were permitted to show,

[1] Dickinson, J., because of illness, took no part in this decision.

against the objection of plaintiff, that during a period of 10 days, while they were using and experimenting with the machine, "the wheat suffered a great deal;" that the "wheat became bleached," and was depreciated during this time "in the neighborhood of $300." We think this was error. It does not appear that it was impracticable, with the use of proper diligence, to secure the grain by other means; or that such delay in experimenting with the reaper, at the expense of the crop, was justified, under the circumstances; or that it could have been understood or contemplated by the parties, when the contract was made, that such damages would be recoverable upon a breach of the warranty, from the mere fact that the machine was bought for use in harvesting the grain of defendants at about the commencement of the harvest. *Frohreich* v. *Gammon, supra; Sycamore Harvester Co.* v. *Sturm,* 13 Neb. 202; *McCormick* v. *Vanatta,* 43 Iowa, 389.

It may be conceded that buyers of farm implements for their own use are commonly understood by the seller to purchase them for the .practical purposes for which they are made; but the circumstances must necessarily be peculiar and exceptional to entitle the buyer, in an action for a breach of warranty, to recover extra or special damages for the loss or depreciation of a crop of grain. In special cases a liability for extended damages is clearly implied from the warranty and its breach, as being contemplated by the parties; as, for example, in the case of seed-grain, or of articles to be used in manufacture, or of animals to be put with others, all which might, if unsound or diseased, cause special injury. Field on Damages, § 277. Other cases may suggest themselves, growing out of special circumstances.

In *Hadley* v. *Baxendale, supra,* plaintiff's mill necessarily remained idle until a new shaft could be made, for which a broken one was sent by defendant to serve as a model, and which he negligently omitted to deliver in the proper time; and it seems to be conceded that, if the facts had been fully communicated to defendant, and he had understood the circumstances resulting from the breach of his contract, he would have been liable for the profits of the mill; but as he was not informed that they could not easily procure another, but only informed that the shaft belonged to plaintiff's mill, and that they were

millers, it was held that such damages could not reasonably have been contemplated as the result of the breach of the contract.

No other exceptions require to be considered, and no other errors are apparent upon the record; but upon the question of damages, for the reason stated, we think a new trial should be granted.

Judgment reversed, and a new trial awarded.