### D. M. OSBORNE & CO. *vs.* ISRAEL POKET.

### December 18, 1884.

**Contract of Sale — Breach of Agreement—Damages too Remote.—In** an action for damages for breach of an agreement "to put a harvester in first-class order, to enable the owner to cut and bind his grain therewith," damages arising from loss of crops, by reason of the machine not being in condition to cut and save the same, are remote, and not the natural and proximate consequence of the act complained of, and are not recoverable.

Action upon a promissory note, brought by plaintiff (a corporation) in the district court for Hennepin county. The answer admits the cause of action in the complaint, but alleges, as a counterclaim, that the note sued upon was given as part of the purchase price of a harvesting machine, sold by the plaintiff to the defendant with an agreement on the part of plaintiff to set it up, to run, operate and test it for one entire day, and to put it in first-class working order to enable defendant to cut and bind his grain during the harvest then in progress; that plaintiff set up the machine, but that it would not cut or bind grain in a workmanlike manner, and was in bad working order and unfit for use as plaintiff well knew, and that plaintiff promised daily for twelve days to put it in good order at once; that at this time defendant had 75 acres of grain ready for harvesting, and no means of harvesting except by using this machine, all which plaintiff knew; and that defendant relied upon the performance by plaintiff of its promises and agreement, and upon the use of said machine, as plaintiff well knew; but that plaintiff neglected for more than 13 days to put the machine in order, and during that time the defendant's grain was wasted and rendered unfit for harvesting, and damaged to the amount of $450. The answer further alleges that defendant was unable to put the machine in good working order, as plaintiff well knew, and that if the machine had been in good working order as agreed, defendant could have harvested all his grain without loss.

At the trial before *Young*, J., and a jury, the plaintiff having in-

troduced the note in evidence and rested, the court refused to receive defendant's evidence in support of the allegations of the answer, on the ground that they failed to show a counterclaim, and directed a verdict for plaintiff. Defendant appeals from an order refusing a new trial.

*F. E. Latham* and *Ueland, Shores & Holt,* for appellant, cited *Hadley* v. *Baxendale,* 9 Exch. 341.

*G. D. Emery,* for respondent.

MITCHELL, J. The cause of action set up in the answer by way of counterclaim is a breach of plaintiff's agreement to put a harvester in first-class order, for the purpose of enabling defendant to cut and bind his grain therewith. The only damage alleged is "loss of crops" by reason of not having the machine in condition to cut and save the same. Defendant bought the machine from the plaintiff, and the agreement referred to was made at the time of the purchase. It was substantially an agreement to do what vendors of such machines are accustomed to do, viz., to set them up and start them in working order. There were no peculiar or exceptional circumstances affecting this agreement. The damages claimed were remote, and not the natural and proximate consequence of the act complained of, and hence not recoverable. The answer, therefore, set up no counterclaim, unless for nominal damages. Hence, the cause of action set up in the complaint being admitted, there was no substantial error on the part of the court in directing a verdict for the plaintiff.

Order affirmed.