CALLA WILSON v. THE STATE.

No. 3504.   Decided April 7, 1915.

Rehearing denied May 5, 1915.

**1.—Carrying Pistol—Continuance—Attachment—Misdemeanor.**

In misdemeanor cases, the Code of Criminal Procedure requires that attachments shall be applied for for witnesses who do not live in the county where the prosecution is pending, and, where this was not done, there was not sufficient diligence; besides, the bill of exceptions was defective in not showing the facts expected to be proven. Following Garrett v. State, 37 Texas Crim. Rep., 198, and other cases.

**2.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions does not set out the testimony to which objection was sustained, the same can not be considered on appeal.

**3.—Same—Argument of Counsel—Allusion to Defendant's Failure to Testify.**

Where State's counsel in his argument stated that the prosecuting witness's testimony stood before the jury unimpeached, and uncontroverted by any witness or circumstance in the case, the same was not a direct or indirect allusion to defendant's failure to testify.

Appeal from the County Court of Williamson. Tried below before the Hon. Richard Critz.

Appeal from a conviction of unlawfully carrying a pistol; penalty, sixty days confinement in the county jail.

The opinion states the case.

*W. K. Makemson,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of continuance requiring definite statement of alleged absent testimony: McCulloh v. State, 35 Texas Crim. Rep., 268.

HARPER, JUDGE.—Appellant was convicted of unlawfully carrying a pistol and his punishment assessed at sixty days imprisonment in the county jail.

In the first bill of exceptions it is contended that the court erred in overruling his application for a continuance. The record shows that the witness whose attendance was desired lived in Burnet County.

Appellant asked for no writ of attachment for the witness, but only secured the issuance of a subpoena. This is a misdemeanor and the Code of Criminal Procedure requires that in misdemeanor cases attachment shall be applied for for witnesses who do not live in the county where the prosecution is pending. It was formerly the rule in this State that in all cases where the witness resided in another county a writ of attachment must be applied for and writ issued for such witness to show diligence. The rule was changed in felony cases by the Twenty-fifth Legislature by an Act passed at its called session, such Act providing for the issuance of subpoenas "to enforce the attendance of witnesses in criminal cases upon District Court, grand juries and magistrates sitting as examining courts in counties other than the counties of their residence." By the terms of this Act it is made to apply alone to felony cases (where the State pays the witness' fees), leaving the provisions of the law requiring the issuance of attachments in misdemeanor cases in County and Justice Courts in force. Appellant not having applied for nor requested the issuance of an attachment, and the witness desired not being required to attend upon service of a subpoena, the diligence required by law is not shown in this case, and the court did not err in overruling the application for a continuance. In addition to this, the facts stated it is expected to be proven by this witness are too general. Garrett v. State, 37 Texas Crim. Rep., 198; Huebner v. State, 3 Texas Crim. App., 458; Thomas v. State, 17 Texas Crim. App., 437; Martin v. State, 32 Texas Crim. Rep., 441; McCullough v. State, 35 Texas Crim. Rep., 268.

In the next bill it is shown that the testimony of Kye Singleton was objected to, but the testimony given on the trial is not set out in the bill. In approving the bill, the court states the testimony objected to, on request of appellant, was withdrawn from the jury and the jury instructed not to consider it. The bill presents no error, as, without the testimony being set out in the bill, it is impossible for us to determine whether or not it was of such a nature that its withdrawal would not cure the error in admitting it.

The only other bill in the record alleges that the "county attorney in his argument before the jury stated that defendant had not gone on the witness stand in his own behalf." If the county attorney had so stated, of course it would be error, but in approving the bill the court says that while appellant did make such an objection, the objection was addressed to the remarks of the county attorney when he said: "Gentlemen, how will you avoid convicting this defendant? No witness has appeared to impeach him (the prosecuting witness), and what he told I had to corkscrew out of him. He did not want to tell it, and you gentlemen could very well see that, but he stands before you unimpeached, and his testimony uncontradicted by any witness or circumstance in this case." This was neither a direct nor indirect allusion to the failure of defendant to testify.

The judgment is affirmed.                              *Affirmed.*

[Rehearing denied May 5, 1915.—Reporter.]