## J. I. CASE THRESHING MACH. CO. v. O'KEEFE.   (No. 2245.)*

(Court of Civil Appeals of Texas. Amarillo. Jan. 23, 1924. Rehearing Denied Feb. 27, 1924.)

1. Sales ⊙⊐418(14) — Objection to damages from breach of contract to sell threshing machine, as remote and speculative, not sustained.

In an action for damages for breach of contract for the sale of a threshing machine, damages to the purchaser's crop during the delay in threshing caused by such breach and extra cost of threshing resulting from such delay *held* not too remote, uncertain, and speculative to be recovered.

2. Sales ⊙⊐411—Allegation as to special damages from breach of contract to sell threshing machine held sufficient.

In an action for damages for breach of contract for sale of a threshing machine, brought by a wheat grower, a general allegation that defendant knew that wheat was likely to be damaged by rain was sufficient as against an objection that the petition did not allege that rain usually fell in that region at that season of the year, and that defendant knew that rain was likely to fall and damage plaintiff's wheat.

3. Sales ⊙⊐411—In action for breach of contract to sell, pleading and proof of purchaser's efforts to avoid loss held proper.

In a wheat grower's action for breach of contract for sale of a threshing machine, exceptions to the petition setting out the efforts of plaintiff to buy another thresher and to thresh his grain with another thresher which he bought, and evidence in support thereof, *held* properly overruled.

4. Witnesses ⊙⊐414(1)—Evidence of purchase of tractor held inadmissible to corroborate claim of prior purchase of threshing machine.

In a wheat grower's action against a threshing machine company for breach of contract of sale of a threshing machine, it was error to permit plaintiff to testify for the purpose of corroborating plaintiff's evidence as to the making of the contract that after he made it he bought a large tractor to operate the threshing machine.

### On Motion for Rehearing.

5. Trial ⊙⊐84(1) — Objection of irrelevancy held sufficient to present objection to evidence as being self-serving conduct.

In an action for breach of contract of the sale of a threshing machine, wherein plaintiff introduced evidence that after the purchase he bought a tractor to operate it, an objection that such evidence was irrelevant was sufficient to present the ground of objection on which the evidence was held to be inadmissible—that it could not be used to corroborate plaintiff's evidence as to the making of the contract.

6. Trial ⊙⊐79—Objections to evidence need not be reiterated.

When a party once makes an objection to certain evidence and preserves his objection

thereto, so that the evidence is in the record for all purposes, it is not necessary for him to thereafter, except on every occasion when such evidence is incidentally referred to in the further trial of the case, on penalty of losing the benefit of his objection to the evidence in the first instance.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Action by John O'Keefe against the J. I. Case Threshing Machine Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Reeder & Reeder, of Amarillo, for appellant.

Madden, Trulove, Ryburn & Pipkin and Chas. H. Keffer, all of Amarillo, for appellee.

BOYCE, J. John O'Keefe brought this suit against the J. I. Case Threshing Machine Company, to recover damages for the breach of a contract for the sale of a threshing machine or grain separator. He alleged the making of the contract, its breach by defendant, and sought to recover as damages, (1) the sum of $900, being the amount paid as part of the purchase price of said machine; (2) $2,000 damage to his wheat caused by delay in threshing; (3) $800 extra cost of threshing. The defendant denied the making of such contract. It also insisted that the allegations and proof were insufficient to authorize the recovery of the second and third items of damage stated. A trial before a jury resulted in verdict and judgment for plaintiff for the full amount of all said items of damage.

The plaintiff alleged: That at the time he made the contract with the defendant for the purchase of said separator he had 500 acres of wheat cut and in shock, ready for threshing. That the contract was made about August 16, 1919, and defendant agreed to deliver said separator within 10 days from the date of such contract. "That at the time of making said agreement as aforesaid, defendant was advised by plaintiff, and through other sources had notice and knowledge, that plaintiff's grain crop, consisting of 500 acres of wheat, was in the field, ready to be threshed, and that said threshing machine or separator was desired for immediate use, and said parties contracted with reference to said conditions, and defendant well knew, or in the exercise of ordinary care should have known, that, if said threshing machine was not furnished as provided for in said contract, said grain was likely to be damaged by rain and the sample and grading and market price thereof depreciated, said grain damaged, and additional expense required to thresh the same as hereinafter more particularly alleged."

The plaintiff then alleges the failure of the company to deliver the separator under the contract, that as soon as he learned he was not going to get the separator he, "in the exercise of due and proper diligence and in order to get his grain crop threshed and marketed before the same sustained additional damages, sought the first opportunity to buy another threshing machine and separator; such machines being difficult to procure at said time." That he did secure a second-hand machine about September 12th, but did not get it repaired so as to start threshing until about September 25th. That in the meantime rains began to fall and continued to fall on said wheat, preventing the threshing thereof until some time in October. That the rain damaged the wheat in the sum of $2,000. That it was more difficult and expensive to thresh the grain after its long exposure to the weather and that it cost plaintiff an additional sum of $800 to do the threshing.

The plaintiff then says:

"That said damages, as above enumerated, were the direct and proximate result of the breach of said contract as aforesaid and were such as were within the reasonable contemplation of the defendant at the time of making of said contract and at the time of the breach thereof."

To these allegations is added the further statement that if the defendant had complied with the contract the plaintiff would have had all of his grain threshed before the rains fell and would not have sustained the damages heretofore alleged.

The evidence sustains the allegations of the petition. There was a sharp conflict in the evidence as to whether the contract was made as alleged, but the verdict of the jury decides such conflict against the appellant. There was evidence as to some facts not directly alleged, to wit: That rains might be expected in this section of the country at any time during the season of the year here involved, that there was a large grain crop in the Panhandle resulting in a scarcity of threshing machines for sale or for hire, and that plaintiff was unable, after due effort, to hire others to thresh his grain.

The appellant presents 21 propositions. These present largely the same questions of law, raised in various ways, and we may dispose of them by a general discussion of the law of the case, supplemented by such reference as may be necessary to the specific claims made by the appellant.

[1] One of the principal contentions urged by appellant is that damages of the character allowed in this case are too remote, uncertain, and speculative to be recoverable in such a case. The great weight of authority and the decisions of this state are, we think, to the contrary. Jones v. George, 61 Tex. 354 et seq., 48 Am. Rep. 280, and many authorities there reviewed; Southern Gasoline Engine Co. v. Adams & Peters (Tex. Civ. App.) 169 S. W. 1149; Id. (Tex. Com. App.)

227 S. W. 945; Rumely Products Co. v. Moss (Tex. Civ. App.) 175 S. W. 1087; American Rio Grande Land & Irrigation Co. v. Mercedes Plantation Co. (Tex. Civ. App.) 155 S. W. 286; Sutherland on Damages (4th Ed.) § 662 et seq., particularly section 666. The English case of Smeed v. Foord, 1 E. & E. (O. B.) 602, is directly in point. This case has been frequently cited with approval by the courts and law book writers of this country. A statement of the case and its holding will be found in the case of Jones v. George, 61 Tex. 358 and 359; also in Sutherland on Damages, § 666. Some few authorities do support appellant in this proposition. The one most nearly in point cited in its brief is that of Prosser v. Jones, 41 Iowa, 674. The decision in that case is criticized in the note in Sutherland on Damages, at page 2640. The case is also referred to in the opinion in Jones v. George, supra. While our Supreme Court does not directly criticize the case, it contrasts its decision with the decision in the case of Smeed v. Foord, and reviews it in a setting of cases of contrary tendency and finally follows the law of such other cases. Several of the other cases cited by appellant, to wit, Brayton v. Chase, 3 Wis. 456; Osborne v. Poket, 33 Minn. 10, 21 N. W. 752, and Wilson v. Reedy, 32 Minn. 256, 20 N. W. 153, are also criticized in Sutherland's work on Damages, at page 174. The later Texas cases above cited are more or less directly in point in fact, and when considered in connection with other analogous decisions of this state, and the weight of authority elsewhere, settle, we think, this proposition against appellant.

Another contention variously urged is that the pleading and proof are insufficient to show that the special damages claimed by plaintiff were within the contemplation of the parties at the time of the making of the contract. The oft-cited case of Hadley v. Baxendale furnishes the general rule for determination of the sufficiency of the pleading and the evidence in this respect. We need not repeat this rule here. See Jones v. George, 61 Tex. 354; Pacific Express Co. v. Darnell Bros., 62 Tex. 641; Williston on Contracts, §§ 1356, 1357. In view of appellant's citation to some authorities, and argument made thereon, which in the application of this rule hold that the notice of the special circumstances from which special damages might be expected to result in case of breach must be of such character as to indicate an intention to contract for the payment of such special damages on breach, we quote the following from Mr. Williston (section 1357), as stating, we think, the correct conception of the law:

"It seems generally held that notice prior to the formation of the contract is sufficient to charge the defendant with the damages which might naturally be foreseen as a consequence of the breach by one having such notice, without other evidence of a promise to assume liability for unusual consequences. If it were necessary to establish a contract by the defendant to assume liability for such consequences it would also be true that oral notice would not be effectual if the contract were in writing, for the oral notice cannot form part of the contract; yet an oral notice has been held sufficient. To assert then, as is sometimes done, expressly or impliedly, that the measure of damages for the breach of a contract is based on the terms of the contract is to assert a fiction which obscures the truth and invites misapprehension which may lead to error. * * * The fiction here criticized is a manifestation of the broader fiction that parties contract for whatever obligations or consequences the law may impose upon them. The true reason why notice to the defendant of the plaintiff's special circumstances is important is because, just as a court of equity, under circumstances of hardship arising after the formation of the contract, may deny specific performance, so a court of law may deny damages for unusual consequences where the defendant was not aware when he entered into the contract how serious damage would flow from its breach."

See, also, McKibbin v. Pierce (Tex. Civ. App.) 190 S. W. 1151. The implied contract theory argued for by appellant would seem to be inconsistent with such decisions as Bourland v. C. O. & G. Ry. Co., 99 Tex. 407, 90 S. W. 483, 3 L. R. A. (N. S.) 1111, 122 Am. St. Rep. 653.

[2] One objection to the sufficiency of the petition is that it does not allege that rain usually fell in the Panhandle at this season of the year, and the defendant knew that rain was likely to fall and damage plaintiff's wheat. The general allegation that the defendant knew that the wheat was likely to be damaged by rain was, we think, sufficient. 17 C. J. p. 1004, § 307.

Another specific claim made by appellant is that the petition is insufficient because it does not allege that defendant knew when the contract was made that the plaintiff would probably not be able to get his grain promptly threshed by other means. In connection with this contention it is also said that without allegation that the plaintiff could not otherwise get his grain threshed, it would not appear that the extraordinary damages which plaintiff sustained were the direct and proximate result of the breach of the contract, but rather the result of plaintiff's own failure to take proper steps to have his threshing done. In the ordinary case, facts in mitigation of damages or to show that the plaintiff, in the exercise of ordinary care, could have avoided the consequences for which he seeks recovery, are regarded as defensive matter to be pleaded by the defendant. It may be, however, that in a case where special damages out of the ordinary are sought, the pleader, in order to show that such damages were the proximate result of the wrong, ought to negative the existence of such facts

as would, in the usual case, prevent the damage claimed from being the natural consequences of the wrong. Some such view as this seems to have been entertained in the few cases we have examined on this subject. Western Union Telegraph Co. v. Hearne, 7 Tex. Civ. App. 67, 26 S. W. 478; King v. Watson, 2 Willson, Ct. Cas. Ct. App. § 283; Jones v. George, 61 Tex. 362; Lowe v. Turpie, 147 Ind. 652, 44 N. E. 25, 47 N. E. 150, 37 L. R. A. 233, 241; Strahorn-Hutton-Evans Com. Co. v. Lackey, 17 Tex. Civ. App. 205, 42 S. W. 783. In the case of Smeed v. Foord, already referred to, some importance was given to the fact that it was shown that plaintiff made unsuccessful efforts to hire his wheat threshed by others. Since we reverse the case on another proposition, we have made no extended search for additional authorities, and pass this proposition with the suggestion that it would at least be the safer course for the pleader to allege that he could not, in the exercise of ordinary care, have otherwise secured the threshing of his grain, and such other facts and circumstances as would charge the defendant with knowledge of the probability of this result.

[3] The exceptions to that part of the petition which sets out the efforts which plaintiff made to buy another thresher and to thresh his grain with the thresher which he did buy, and evidence in support of these allegations, were, we think, properly overruled.

[4] The plaintiff was permitted to testify, over defendant's objection, that after he made the contract for the separator he bought a large tractor to operate it; that he owned a Fordson tractor which was sufficient for any other work which he had to do, but, knowing that the Fordson tractor would not handle the separator, he purchased the larger tractor between the time of the making of the contract and the notice of its breach by defendant, in anticipation of receiving the separator under defendant's contract. There was no pleading of any 'damage sustained by plaintiff on account of the purchase of this large tractor. The evidence could be admissible only, if at all, for the purpose of corroborating plaintiff's evidence as to the making of the contract with defendant; and the appellee urges that the evidence was admissible for this purpose. It was not, in our opinion, admissible. Ætna Insurance Co. v. Eastman, 95 Tex. 34, 64 S. W. 863; Glover v. Coit, 36 Tex. Civ. App. 104, 81 S. W. 138; Providence-Washington Ins. Co. v. Owens (Tex. Civ. App.) 207 S. W. 670. The first case cited was decided by the Supreme Court, and an analysis of its facts shows that it is directly in point. That case has been followed by numerous decisions of the Courts of Civil Appeals in addition to those cited. We think the admission of this evidence requires a reversal of the case. There was a direct and irreconcilable conflict be-

tween the plaintiff's and defendant's evidence as to whether any contract for the sale of the separator was in fact made. Evidence of the fact that the plaintiff, after he claimed to have made the contract, bought a tractor from another party with which to operate the separator, might have had a deciding influence in the minds of the jury.

None of the other propositions advanced by appellant are, we think, tenable, and they are overruled.

Reversed and remanded.

On Motion for Rehearing.

[5] Appellee insists in his motion for rehearing that the objection made to the introduction of the evidence as to the purchase of the big tractor was not sufficient to present the grounds of objections on which the evidence was held to be inadmissible. The objection to the evidence was that there was no pleading to authorize the introduction of such evidence, and that it was "wholly irrelevant, immaterial and prejudicial to the rights of the defendant." We take it that if the evidence was not admissible the objection to it came within the general ground of irrelevancy. The admissibility of evidence of this kind is treated by Mr. Chamberlayne, under the general title of "Relevancy." In discussing the admissibility of such evidence he says:

"The extrajudicial statement of one to be benefited by the truth of that which he asserts cannot be received in proof of the facts alleged either for the declarant's benefit or for that of his successors in interest. In most cases such statement is plainly irrelevant for the purpose. * * * Little probative relevance is gained from the circumstances under which the self-serving declarations may have been made. * * * The irrelevancy of a self-serving statement being inherent, it is equally inadmissible when offered by representatives of the declarant, etc." Chamberlayne on Evidence, § 2734.

See, also, Jones on Evidence, §§ 135 and 235a; Greenleaf on Evidence, § 52. In some instances an objection to testimony that it is irrelevant, immaterial, incompetent, and the like, is too general to merit consideration, but that is not true in all cases. Rule 57 for the district and county courts, is as follows:

"Exceptions to the admission of evidence on the trial, where no reason is assigned for objecting to it, shall not be sustained where the evidence is obviously competent and admissible, as tending to prove any of the facts put in issue in the pleadings; and in all cases the court, when deemed necessary, may call upon the parties offering the evidence to explain the object of its admission and also upon the party excepting, the reason of his objections, which when done in either or both cases may form a part of the bill of exceptions."

Prior to the adoption of this rule it had been the ruling, at least by inference, of the Supreme Court, that where the objection went to the relevancy of the evidence a gen-

eral objection was sufficient. Ryan v. Jackson, 11 Tex. 391; Croft v. Raines, 10 Tex. 520; Cheatham v. Riddle, 8 Tex. 162; Norvell v. Phillips, 46 Tex. 161. See, also, State v. Ellison, 287 Mo. 139, 229 S. W. 1059, and Roche v. Llewellyn Iron Works Co., 140 Cal. 563, 74 Pac. 153. There seems to be no good reason to believe that the trial court was in any way misled by the generality of the objection. Appellee himself, until the filing of this motion for rehearing, had treated the objection as sufficient, and in his original brief of the case replied to the proposition complaining of its admission by an argument in favor of the relevancy of the evidence as tending to establish the fact that the contract for the purchase of the tractor was actually made as alleged by plaintiff. We are of the opinion, therefore, that we would not be justified in refusing to consider the assignment because of the generality of the objection to the introduction of the evidence.

It is again argued that no controversy as to the making of the contract had occurred at the time of this act, and that therefore it is admissible as corroborating evidence on contradiction and impeachment of plaintiff's evidence as to the making of the contract. As a matter of fact, defendant had offered no contradiction of plaintiff's evidence at the time this evidence was introduced; it being offered while plaintiff, the first witness on the stand, was testifying on direct examination. But, even if plaintiff had been at the time contradicted, it would not have been in our opinion admissible. The transaction occured after the time when plaintiff claimed to have made the contract. The defendant denied that any such contract was in fact made. In the case of Ætna Insurance Co. v. Eastman, 95 Tex. 34, 64 S. W. 863, the suit was on a fire insurance policy, and the defendant pleaded that the policy was voided because of the breach of a provision therein against additional insurance. The defendant pleaded that the provision was waived by reason of the fact that he had notified defendant's agent of such additional insurance, and no action was taken to cancel the policy. On the trial the evidence as to whether plaintiff had given notice to the insurance agent was conflicting. Under these circumstances the trial court permitted a witness to testify that the plaintiff had told the witness on the day after the additional insurance was taken out, and before the fire, that he had notified the insurance agent of the fact that additional insurance had been taken. The Supreme Court held that the admission of this evidence was error.

"It was a self-serving declaration. Whether his [plaintiff's] interest in the matter induced him to make the statement or not is not, as we understand, a question to be inquired into by the court in determining the admissibility of the declaration. If the motive did not exist, the evidence is admissible. If it did, it should be excluded. At the time he gave his testimony the loss had accrued, and his interest was more immediate, and the motive more potent. It is nevertheless true that at the time of the alleged statement it was to his interest to make it. At the last-named period, if notice had not been given, the policy was void and worthless. If it had, it was valid and a thing of value. Therefore, while the motive at the time of the alleged statement may have differed in degree from that at the time of the trial, it did not differ in kind."

We think the case directly in point on this contention, and it decides it against the appellee.

Evidence of self-serving conduct is in the same class as that of self-serving declarations. 22 C. J. p. 230.

It is also urged for the first time that other testimony to the same effect was admitted without objection. The additional evidence thus referred to occurs in plaintiff's testimony as to a conversation with defendant's agent, Kiser, in which plaintiff testified as follows:

"The machine hadn't come (referring to the thresher which he claimed to have contracted for), and I told him about this tractor and having it there to pull this machine with, and he told me he didn't think they would ever come."

[6] We do not think the defendant should be deprived of the benefit of its objection to the introduction of the evidence as to plaintiff's buying the tractor by failure to afterwards object to evidence that merely refers incidentally to such matter. When a party once makes an objection to certain evidence, and preserves his objection thereto so that the evidence is in the record for all purposes, it ought not to be necessary for him to thereafter incumber the record by exceptions on every occasion when such evidence is incidentally referred to in the further trial of the case on penalty of losing the benefit of his objection to the introduction of the evidence in the first instance.

The motion for rehearing will be overruled.