# JANUARY, 1906.

R. M. Bourland v. Choctaw, Oklahoma & Gulf Railway Company.

No. 1485.   Decided January 4, 1906.

**1.—Carrier—Special Damages—Notice.**

The rule requiring notice, at the time of making a contract for the delivery of property, of the existence of peculiar conditions under which special damages are likely to arise from its breach, as essential to create liability of the promisor for such damages, is not a rigid or universal one, nor applicable to all cases in which such damages are sought.   (P. 409.)

**2.—Same—Carrier—Food for Stock—Damages by Their Starvation.**

A carrier having transported cotton seed cake to its destination for a shipper who was there feeding stock, was then first notified that the shipper was out of any other provision for his cattle and that prompt delivery was necessary. Held that such notice was sufficient to render the carrier liable for damages to the cattle by negligent delay in making delivery of the food, occurring after such notice was received.   (Pp. 408, 411.)

**3.—Same—Cases Distinguished.**

Missouri K. & T. Ry. Co. v. Belcher, 88 Texas, 549; 89 Texas, 428; 92 Texas 593, and other cases, limited and distinguished.   (Pp. 409, 410.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Potter County.

Bourland sued the railway company and recovered judgment.   Defendant appealed, and the judgment was reversed and rendered in his favor.   Bourland thereupon procured writ of error.

*Bowman & Merrill, Barefoot & Carmichael* and *Potter & Potter,* for plaintiff in error.—If, after the shipment reached its destination, Washita Station, the agent at said station, having notice of the necessity of prompt delivery, was guilty of negligence in failing to promptly deliver the cotton seed cake, the defendant would become liable for the special damage of which said agent had received notice.   Wells, Fargo & Co.'s Express v. Battle, 24 S. W., 353; Rogan v. Wabash R. Co., 51 Mo. App., 665.

*N. H. Lassiter, Robert Harrison* and *Browning, Madden & Truelove,* for defendant in error.—The damages sought to be recovered were not such as the railroad company could have reasonably anticipated, at the time of making the contract of shipment, would result from a delay in the transportation of the feed, and the evidence fails to show any notice of any sort of the special damage that would result from a delay.   Under such circumstances, a notice to the railroad agent at destination, long after the contract for shipment had been made, of the necessity for prompt delivery of the feed, and the damages that would be suffered

if the feed should be delayed, does not make the railroad company liable for such damage. The parties to a contract must have notice or knowledge, at the time of making the contract, of the probable damage that will flow from a violation thereof, before they can be held for such damage. Missouri, K. & T. Ry. Co. v. Belcher, 88 Texas, 549; Missouri, K. & T. Ry. Co. v. Belcher, 89 Texas, 428.

WILLIAMS, Associate Justice.—Plaintiff in error recovered in the district court a judgment against defendant in error for damages resulting to his cattle from delay on the part of the railway company in delivering at destination cotton seed cake, purchased by plaintiff in error at Little Rock, Arkansas, and shipped over the line of defendant in error to Washita, Oklahoma Territory, to be fed to the cattle which were being fattened at the latter point. On the appeal of defendant the Court of Civil Appeals held that the character of damages stated was not recoverable, reversed the judgment of the district court, and rendered in favor of plaintiff in a small amount for the value of some of the cake ruined in transportation.

The facts alleged and proved by plaintiff to sustain his claim are that he was fattening for market 612 beef cattle near Washita, and, anticipating that his supply of feed would soon be exhausted, he purchased and delivered to defendant, on the 18th day of April, 1902, at Little Rock, two carloads of cotton seed cake for transportation to Washita. No notice was given to defendant, at that time, of the purpose for which the cake was needed, and of the damage to result from delay in delivering it at Washita, but the cars were promptly carried and arrived at Washita on the 21st day of April; and, up to this point in the transactions, there is no complaint of the action of defendant. The uncontradicted evidence is to the effect that on the 21st of April, the day on which the cars reached Washita, an agent of plaintiff applied to defendant's station agent there for the cake, and stated to him that "they were clean out of feed, and that they had to have the cotton seed cake, as they had about 600 cattle on full feed, and it meant a great loss to them by not receiving the cotton seed cake as ordered." The witness who testified to this fact stated that the conversation was between plaintiff's agent, the station agent and "the conductor," and other parts of the record indicate that the conductor referred to was the one in charge of the train in which the cars in question were carried, from which the inference arises that the cake was then at the point where it should have been delivered and in control of defendant's agent there. It was not delivered, owing, no doubt to the fact shown that this agent absconded on the same day. By some mistake the cars were sent out on another railroad, and were not recovered and the cake was not delivered until May 16th, notwithstanding plaintiff and his agent, from day to day, repeated the notice given and the demand for delivery. The plaintiff's supply of food for the cattle was exhausted about the time the cake should have been delivered, and he could not otherwise obtain sustenance for the animals, in consequence of which they were greatly depreciated in value.

The trial court instructed the jury, in substance, that the loss thus

sustained might be recovered "if defendant's agent at said station of Washita was advised by plaintiff or his agent, before or at the time of the arrival of said cotton seed cake at said station, and while the same was still in charge of the agent at said station of Washita, that said cotton seed cake was being shipped for the purpose of feeding said cattle, and that it was necessary for it to be promptly delivered, or said cattle would be without feed, and that damage would result to plaintiff therefrom"; and if defendant negligently failed to make the delivery after receiving such notice, limiting the damages to such as accrued after the time, subsequent to the receipt of the notice, when defendant could have made the delivery by the use of ordinary care.

The Court of Civil Appeals felt constrained, by the decisions of this court in the case of Missouri, Kansas & Texas Railway Company against Belcher, 88 Texas, 549; 89 Texas, 428; 92 Texas, 593, to hold that damages of the character claimed were not recoverable because notice of the peculiar state of facts under which they might arise, as a consequence of delay in the transportation and delivery, was not given to the defendant before or at the time of the making of the contract of carriage. It is true that the statement in Hadley v. Baxendale, and in the many cases following it, of the rule for the recovery of damages of a special or exceptional kind for the breach of a contract for the delivery of property, includes, as essential to liability therefor, notice, at the time of the making of the contract, to the party bound to deliver, of the peculiar conditions under which such damages are likely to result from the breach; and the formula seems sometimes to have been applied as rigidly as if it were a rule prescribed by legislative act. Its operation has generally been wise and just, and it is only when it is made the exclusive rule in cases in which the reasons underlying it do not make it applicable that it fails to meet the demands of substantial justice. The truth that it is not to be regarded as an exclusive rule for the measure of damages in all cases of breach of contract for the delivery of property has been expressed many times by eminent jurists. Thus, in Newport Dock Company v. Wilson, L. R. 1 Exc., 177, Chief Baron Pollock said of it: "It is quite true that the case is not applicable to and does not decide every case. No rule, no formula, could do that. No precise, positive rule can embrace all cases."

In most of the decisions the question as to the exact time when the notice should have been given has not received much attention, there being no difficulty arising from the fact that it was given after the contract was made, but before the damage resulted. But in some cases it has been attempted to establish the right to damages beyond those which would ordinarily arise from the breach of the contract in the particular case by showing notice of the special circumstances after the making of the contract and before the breach; and, although there was an intimation by one of the judges in Gee v. Lancashire & V. Ry. Co., 6 H. & N., 217, that such notice ought to be held to be effectual for the purpose, the decisions have been to the contrary in cases of this character which have come to our attention, where it became necessary to pass upon the point. Jordan v. Patterson, 67 Conn., 473; Ligon v. Missouri Pac. Ry. Co., 3 App. Civ. Cases, sec. 1; 1 Sedgwick on Dam-

ages, sec. 158.  The principle of these decisions is that the party undertaking the delivery is held to assume, when he makes his contract, a liability only for those damages which would, in the usual and ordinary course of things, result from his failure to perform, because it is only these that he is required to foresee, unless it is shown that knowledge of an unusual situation of the other party, in which extraordinary injury may be caused by nondelivery, has been brought to his attention, and that he has contracted with reference thereto.  In other words, it is held that the rights and liabilities of the parties are fixed by the contract and the circumstances known to them when it is made, and can not be increased by notice of other facts subsequently given.  The reasons which have been given for this are well condensed by Judge Denman in the Belcher case (89 Texas, 43).  The notice relied on in such cases, subsequent to the contract, appears to have been given at a time when its effect, if held sufficient, would have been to impose an additional liability resulting from the contract itself to that within the contemplation of the parties when they made it.  In none of them were the facts like those in the present case, in which the contract to carry to Washita had been fully performed and the property was at the point of destination, and could have been delivered when the notice was given.  All that remained to be done was to make delivery, and this it was then in the power of the carrier to do at once.  It had no right to demand extra compensation for a transportation already performed, for making delivery; nor had it the right to refuse or delay delivery because of the conditions of which it then received notice.  No extra or unusual preparations were necessary for delivery, or, if they were, the defendant was, at the time, in as good a position to make them as it would have been had the notice been given when the contract was made.  The simple fact is, that it held so much of plaintiff's property, of which he desired and was entitled to immediate possession, for a special purpose, and for the lack of which defendant was then fully informed plaintiff was in danger of suffering the loss for which compensation is now sought, which loss could have been prevented by mere delivery of the property.  In such a case, knowledge of these facts, when the contract for transportation was made, appears to us to be unessential.  None of the reasons exist for which such notice has been required in other cases.  The plaintiff's loss did not arise from delay in transportation, nor from any cause for the prevention of which notice at the time of the contract was important, but from the failure to perform the simple duty to deliver the property, due to the faithlessness of defendant's agent, at a time when the probable consequences thereof were fully disclosed.  There would, in our opinion, be manifest injustice in requiring the plaintiff, rather than the defendant, to bear the loss arising from this fault of the agent.

The facts of the Belcher case, as presented in the certificate, on which the two first opinions of this court were based, brought it within the principle of Hadley v. Baxendale, and what we have said sufficiently shows the differences regarded as decisive between that case and this.

The rule requiring notice at the time of the contract could not, with any justice, be made to fit the facts of this case, and the application of

it would be inappropriate and merely arbitrary. No other damages but those which plaintiff suffered by being deprived of the cake as food for his cattle could be shown. He could not have supplied himself with other food, and have made defendant liable for the difference between the cost of it and of the cake, because there was no accessible market in which he could have bought. If the value of the use of the cake during its detention be looked for, the use is found to have had no value except to supply the cattle with sustenance, and the injury to them is the only way of measuring the value of this use to the plaintiff. Either that loss must be compensated, or the plaintiff must be restricted to the recovery of interest, during the delay, on the money invested in the property, or to nominal damages, and neither of the latter results could be regarded as less than a defeat of justice.

In the case of Rogan v. Wabash Railway Co., 51 Mo. App., 667, the distinction we make, with a much broader application, is recognized in an opinion by Judge Seymour D. Thompson, and the Court of Civil Appeals of the Third District announces the same doctrine in Wells, Fargo & Co. v. Battle, 24 S. W., 353.

The charge of the trial court, when applied to the evidence, was substantially correct, and stated the rule which we regard as controlling this case. It refers, it is true, to notice given to the agent at Washita before the arrival of the cars containing the cake, and if there were anything in the case requiring the distinction between notice before arrival and that given while the cars were at Washita, questions might arise which we find it unnecessary to determine at this time. The first notice given was on the very day when the cars reached Washita and were ready for delivery. The charge requires that the freight should have been within the control of the agent when the facts making the delivery so important were brought to his knowledge, and evidently refers to the one transaction which took place on the 21st of April, and means that the notice then given might have been either before or after the arrival of the cars, so that the agent knew the facts while controlling them. It is apparent, therefore, that the language referred to could have caused no misunderstanding or injury to the defendant.

The judgment of the Court of Civil Appeals will be reversed and that of the district court affirmed.

*Judgment of Court of Civil Appeals reversed.*<br>*Judgment of District Court affirmed.*