HASSLER v. GULF, C. & S. F. RY. CO. †

(Court of Civil Appeals of Texas. Austin. June 21, 1911.)

CARRIERS (§ 105*) — DELAY IN TRANSPORTA-TION — SPECIAL DAMAGES — NOTICE AFTER CONTRACT.

Special damages for a carrier's delay in transportation cannot be recovered where the carrier had no notice at the time of contract of the special facts; not even those accruing from delay occurring after it is given such notice.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 451–458; Dec. Dig. § 105.*]

Appeal from Montgomery County Court; S. A. McCall, Judge.

Action by P. P. Hassler against the Gulf, Colorado & Santa Fé Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Nugent & McMahon, for appellant. Terry, Cavin & Mills, A. H. Culwell, and Rodman S. Cosby, for appellee.

JENKINS, J. Appellant brought this suit against appellee to recover $500 special damages on account of about two months' delay in shipping a printing press from Dallas to Montgomery, Tex., setting out with sufficient certainty the various items of damages alleged to have been suffered by him on account of such delay, after notice to appellee. He did not allege that appellee was informed of any facts that would put it on notice as to such damages, at the time of the shipment or prior thereto, but did allege that a portion of said printing press was promptly delivered, and that thereupon appellant notified appellee of the failure to deliver the remaining portion, and that without the same, the portion delivered was useless, and also of the purpose for which said printing press was ordered, and the damages that he would suffer if the remaining portion of said press was not promptly delivered; that thereafter, from time to time, he notified appellee as to the damages he was suffering, and would continue to suffer, by reason of the failure to make such delivery. Appellant sued for the damages al-

leged to have accrued to him *after such notice was given to appellee.* The trial court sustained a demurrer to the petition, and, appellant declining to amend, his suit was dismissed. From the judgment sustaining such demurrer and dismissing said suit, this appeal is prosecuted.

1. Appellant's allegations were not that appellee failed to deliver said press after its arrival at Montgomery, but that the delay was in the shipment, so that the alleged facts do not bring this case within the rule laid down in Bourland v. Ry. Co., 99 Tex. 407, 90 S. W. 484, 3 L. R. A. (N. S) 1111, 122 Am. St. Rep. 647. The only question involved herein is, Can special damages be recovered on account of the failure to promptly transport and deliver goods, such delay and damages occurring after notice is given to the carrier of the purpose for which such goods are to be used, and the damage that will accrue by such delay, after such notice is given.

In Railway Co. v. Belcher, 89 Tex. 428, 35 S. W. 6, the Supreme Court of this state said: "The rule seems to be well settled that plaintiff, in order to recover special damages for breach of a contract, must show that at the date of the contract defendant had notice of the special conditions rendering such damages the natural and probable result of such breach." In Railway Co. v. Gilbert, 4 Tex. Civ. App. 366, 23 S. W. 321, this court, speaking through its then Chief Justice, said: "Special damages can only be allowed when they ensue as a result of the breach of the contract entered into at the time of the shipment." See, also, to the same effect, Express Co. v. Battle, 5 Tex. Civ. App. 532, 24 S. W. 353, by this court. To the same effect also is the holding of the First Court of Civil Appeals in Express Co. v. Thompson, 53 Tex. Civ. App. 515, 116 S. W. 608, and in Railway Co. v. Cherry, 129 S. W. 152, 153, of the Sixth Court of Civil Appeals in Express Company v. Jones, 52 Tex. Civ. App. 367, 113 S. W. 954, and of the Fourth Court of Civil Appeals in Daube & Kapp v. Railway Co., 39 Tex. Civ. App. 24, 86 S. W. 798.

These decisions, as well as similar decisions in other jurisdictions, and the statements of text-writers in accordance therewith, are based upon the case of Hadley v. Baxendale, 9 Exch. 353, from which we make the following excerpt: "Where two parties have made a contract, which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either as rising naturally—i. e., according to the usual course of things, from such breach of contract itself—or such as may reasonably be supposed to have been in the contemplation of both parties at the time they

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Rehearing denied.

made the contract, as the probable result of the breach of it. Now, if the special circumstances under which the contract was actually made were communicated by the plaintiff to the defendants, and thus known to both parties, the damages resulting from the breach of such contract, which they would reasonably contemplate, would be the amount of injury which would ordinarily follow from a breach of such contract under these special circumstances so known and communicated. But, on the other hand, if these special circumstances were wholly unknown to the party breaking the contract, he, at the most, could only be supposed to have had in his contemplation the amount of injury which would generally arise, and in a great multitude of cases not affected by any special circumstances from such a breach of contract."

This is but another method of stating the doctrine of proximate cause, where damages are claimed on account of a breach of contract. The breach must be the proximate cause of the injury; that is, the injury must be such as was the natural and probable result of the breach under the circumstances —and, therefore, such as under the circumstances known to the party committing the breach ought reasonably to have been foreseen by him.

With the general proposition announced in Hadley v. Baxendale, we have no quarrel, but, in our opinion, the expression in that case that damages recoverable on account of a breach of a contract must be "such as may reasonably be supposed to have been in the contemplation of both parties *at the time they made the contract*, as the probable result of the breach of it," has been applied to cases not within the reason of the rule thus laid down.

As was said by Mr. Justice Williams in Bourland v. Railway Co., 99 Tex. 407, 90 S. W. 484, 3 L. R. A. (N. S.) 1111, 122 Am. St. Rep. 647: "The formula seems sometimes to have been applied as rigidly as if it were a rule prescribed by a legislative act. Its operation has generally been wise and just, and it is only when made the exclusive rule in cases in which the reasons underlying it do not make it applicable that it fails to meet the demands of substantial justice." The court in that case made an exception to the rule, where the delay was in delivering the goods after they had arrived at their destination, and the damages accrued subsequent to notice given of the purpose for which the goods were to be used. This exception is recognized by subsequent decisions in this state. We can see no reason why the exception should not extend to all cases against common carriers, where both the breach and the damages occur after the notice is given. The contract of a common carrier is to transport and deliver goods with reasonable dispatch, and every day's failure to do so is a breach of the contract.

Mr. Justice Williams, in the Bourland Case, supra, said: "The plaintiff's loss did not arise from delay in transportation, * * * but from the failure to perform the simple duty to deliver the property." But to deliver the property was just as much a part of the defendant's contract as it was to transport the property, and the duty of a carrier to transport, without unnecessary delay, property received by it for that purpose, is just as simple and just as imperative as is its duty to deliver the property after it has arrived at its destination; and, in our opinion, its liability for special damages for its failure to carry out its contract should begin whenever it neglects to do so after the probable consequences of such neglect are disclosed, and there is, in our judgment, manifest injustice in requiring the shipper, under such circumstances, to bear the loss arising from the fault of the carrier.

In applying the rule above referred to to the facts in the Bourland Case, the court said: "None of the reasons exist for which such notice has been required in other cases." What are these reasons? In the Belcher Case, 89 Tex. 430, 35 S. W. 7, Judge Denman said: "Various reasons have been assigned for the limitations thus placed upon the right to recover such damages. For instance, it is sometimes said that the defendant is entitled to notice at the time of entering into the contract, so that he may protect himself against such special or extraordinary liability by declining to make the contract, by inserting stipulations protecting himself against such liability, by charging additional compensation to cover the extra risk, or by making immediate preparation to guard against the breach."

It is a maxim of the common law that where the reason ceases the law ceases. Under the laws of Texas, none of the above reasons, except the last one, could exist for requiring such notice. The railroad company could not have declined to accept the shipment; it could not have enforced a stipulation against its own negligence; it could not have charged more or less than the rate fixed by the Railroad Commission for that class of freight. The notice given after the freight was shipped and before it was delivered did not impose an additional contract upon it. It required it to do no more than it had previously contracted to do, and that was to forward the freight with reasonable promptness, and notice of the special damages that would accrue to the consignee by reason of continued delay in such shipment, given after the shipment had begun, would just as effectually enable the railway company to guard against further breach of its contract, as would such notice given at the time the contract was made, have enabled it to guard against any breach of such contract. To our minds, damages arising from the breach of a contract, after notice is given of the conse-

quences of such breach, are just as much within the contemplation of the party breaching said contract, as if such notice had 'been given at or before the contract was made, where no additional contractual obligations are sought to be imposed by reason of such notice.

Upon the authority of the Supreme Court of this state, which is binding upon us, but for no other reason as we see it, we affirm the judgment of the trial court in this case.

Affirmed.