## GULF, C. & S. F. RY. CO. v. WORTHAM.

(Court of Civil Appeals of Texas. Austin. March 5, 1913.)

CARRIERS (§ 93*) — MISDELIVERY — "CONVERSION."

Where a railroad company, without any intention of depriving plaintiff thereof, delivered goods consigned to him to another, but recovered them within a day and by its agent tendered them to plaintiff within three days, there was no "conversion," rendering the company liable for the value of the goods.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 356–362; Dec. Dig. § 93.*

For other definitions, see Words and Phrases, vol. 2, pp. 1562–1570; vol. 8, p. 7618.]

Appeal from Lampasas County Court; M. M. White, Judge.

Action by L. E. Wortham against the Gulf, Colorado & Santa Fé Railway Company. From a judgment for plaintiff in the justice court, defendant appealed to the count court, and from a judgment for plaintiff there defendant appeals. Reversed and rendered.

Terry, Cavin & Mills and A. H. Culwell, all of Galveston, for appellant.

KEY, C. J. In September, 1911, L. E. Wortham, who was engaged in selling pictures and picture frames, ordered a shipment of picture frames from Max Sternberg & Co.,

of Chicago, Ill., to Lampasas, Tex., which shipment was made, and the bill of lading therefor, with draft attached, was sent to a bank at Lampasas. Wortham paid the draft and received the bill of lading on October 12, 1911. The picture frames were shipped in two crates, and were carried to Lampasas by the Gulf, Colorado & Santa Fé Railway Company, and arrived there about October 9, 1911. On the last-named day the local agent of the railway company mailed to Wortham a card, notifying him that the shipment had arrived, and that the freight charges amounted to $5.25. That notice was received by Wortham, and on the 12th day of the same month he went to Lampasas, paid the draft at the bank, took up the bill of lading and went to the station of the railroad, offered to pay the freight charges, and demanded the two crates of picture frames. Whereupon it was ascertained by the local agent of the railroad that, through a mistake made by the railroad's delivery clerk, the two crates of frames referred to had been delivered to another party in lieu of two crates of picture frames belonging to such other party. The party referred to resided about 20 miles from Lampasas, and the agent of the railroad stated to Wortham that he would send for and endeavor to obtain and deliver to him his two crates of picture frames, but stated that he did not know how much time it would take to do so; nor did he know for certain that he could secure their return. Wortham, who had previously taken orders in and around Lampasas for pictures, and who desired the frames in order that he might offer them for sale when he delivered pictures, informed the railroad agent that his expenses would be $10 per day, and that he could not wait, unless the railroad would pay his expenses. This the agent declined to do, and Wortham left and proceeded with the delivery of the pictures for which he had taken orders. The railroad agent employed a messenger, sent him out in the country, procured the two crates of frames belonging to Wortham, and had them back at the railroad depot by 10 o'clock the next morning. Wortham did not go back to the railroad station until about three days thereafter, when, having finished the delivery of pictures at that place, he went to the station, bought a ticket, boarded the train, and left for Waco; and on that occasion, and before he left, the railroad agent, who sold him the ticket, notified him that his picture frames had been recovered. In reply to which Wortham stated that, as he had made all of his deliveries at Lampasas, he could not use the frames. On November 4, 1911, the railroad agent at Lampasas mailed a written notice to Wortham at Waco, and another to Max Sternberg & Co. of Chicago, Ill., stating that the shipment referred to was still on hand and ready for delivery, and asking what disposition should be made of the same. The one addressed to Wortham was thereafter returned because of its nondelivery. The one addressed to Sternberg & Co. was forwarded by them to Wortham, who received it, but made no reply thereto.

On October 20, 1911, Wortham brought this suit against the railroad company in a justice of the peace court in which he sought to recover the entire value of the picture frames, alleged to be $140, and $30 special damages resulting from his failure to sell and deliver certain pictures on account of the failure of the defendant to deliver the frames. It was stated in the citation which was served upon the defendant that the plaintiff's cause of action was based upon the defendant's conversion of the picture frames referred to; and the judgment in the justice's court contains a recitation to the effect that the plaintiff adopted the citation referred to as his pleading. After trial in the justice's court the case was appealed to the county court, where it was tried without a jury and upon the same pleading by the plaintiff, and judgment was rendered in his favor for $80, and the defendant has prosecuted an appeal.

Upon the uncontroverted testimony, which showed the facts stated above, the trial court held, as matter of law, that the defendant had converted the property and was liable for its value, which the court found to be $80. The plaintiff had made no contracts to sell the frames, and nothing was allowed him upon his claim for special damages.

The first assignment of error challenges the correctness of the trial court's holding that the facts referred to constituted a conversion of the property; and under that assignment appellant submits the following proposition: "Where, as in this case, through error goods are not delivered promptly on demand, and where, as here, the error is discovered and tender of goods made to consignee within a reasonable time, the railway company is not guilty of conversion, and plaintiff is not entitled to recover the value of the goods."

This proposition is correct, and we sustain the assignment referred to. Baumbach v. Railway Co., 4 Tex. Civ. App. 650, 23 S. W. 693; Railway Co. v. Somerville Mercantile Agency, 104 S. W. 1072, and cases there cited. These authorities, and others not cited hold that mere delay by the carrier in delivering the property carried, when such delay is the result of a mistake, and there is no intention to permanently deprive the owner or consignee of it, does not constitute a conversion; and the sole remedy is an action for damages for a failure to make prompt delivery.

There is no dispute about the facts in this case, and as it clearly appears that the plaintiff is not entitled to recover the judgment of the court below is reversed and judgment here rendered for appellant.

Reversed and rendered.