### GULF & I. S. RY. CO. OF TEXAS v. BLALOCK.

(Court of Civil Appeals of Texas. Galveston. Dec. 5, 1913. Rehearing Denied Jan. 8, 1914.)

1. CARRIERS (§ 93*)—DELIVERY OF GOODS—CONVERSION.

Where a car of melons shipped to G. by mistake was billed to B., so that when it reached G. it was put in the next train back to B., and the shipper paid the freight at G. to an agent who did not know that the car had been started back, and informed such agent of a sale on the siding, and as soon as the mistake was discovered the car was brought back to G. and tendered to the shipper but too late to enable the shipper to complete the sale, there was no "conversion" rendering the carrier liable for the value of the goods.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 299, 356–362; Dec. Dig. § 93.*]

2. CARRIERS (§ 102*)—DELAY IN DELIVERY—DAMAGES.

In such case the shipper's only cause of action was one for damages for delay in delivery.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 434; Dec. Dig. § 102.*]

3. CARRIERS (§ 105*)—DELAY IN DELIVERY—MEASURE OF DAMAGES.

The measure of damages in an action for delay in the delivery of goods is the difference

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

between their market value at the time they should have been delivered by the use of ordinary care and their market value at the time delivery was made.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 451–458; Dec. Dig. § 105.*]

4. CARRIERS (§ 105*)—DELAY IN DELIVERY—SPECIAL DAMAGES—NOTICE.

Where a shipper informs a carrier of the terms of his contract of sale at the time a car of melons is shipped, the carrier would be liable to him for any loss sustained from his inability to perform his contract, if due to its negligence in not delivering the melons within a reasonable time, the measure of damages being the difference between the contract price and their market value when delivery was made; but notice of the contract of sale given the carrier's agent on payment of the freight at destination, would not make the carrier liable for special damages, when through mistake it was impossible after notice to have delivered the car in time for the performance of such contract.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 451–458; Dec. Dig. § 105.*]

Appeal from Galveston County Court; George E. Mann, Judge.

Action by W. E. Blalock against the Gulf & Interstate Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Terry, Cavin & Mills, of Galveston, for appellant.

PLEASANTS, C. J. This suit was brought by appellee against appellant to recover the sum of $114. The cause of action is alleged in plaintiff's petition as follows: "That on or about July 24, 1912, plaintiff shipped to Galveston, Tex., one car of watermelons; that said car arrived in Galveston on the 24th day of July, 1912; that on the morning of the 25th day of July, 1912, plaintiff paid the freight money due on said car to defendant and asked defendant to place said car at a convenient point of unloading the same not later than 10 o'clock on the morning of July 25, 1912, which said request was agreed to; that defendant wholly failed to place said car, but sent the same to another and different place and city; the defendant had obligated itself to this plaintiff to deliver said car to plaintiff and place said car as heretofore related in precinct No. 1, Galveston county, Tex.; that plaintiff had arranged to sell said car of melons, and had sold the same for delivery not later than 10 o'clock on the morning of July 25, 1912, and that plaintiff alleges that the failure of defendant to comply with its contract with him has and did result in a loss to plaintiff of the value of the melons, to wit, $100, and the loss of the freight money paid, to wit, the sum of $14, a total damage of $114; that plaintiff has demanded the said sum of $114 from defendant, and payment of the same has been refused, to plaintiff's damage in the sum of $114. Wherefore, the premises considered, plaintiff asks that defendant be cited to appear and answer this petition,

and that upon a trial hereof that he have judgment against defendant in the sum of $114 and for costs of suit."

Defendant answered, admitting that the car had been shipped July 24, 1912, but denying that it had converted same, and alleging that it had tendered the same to plaintiff at about 4 p. m. July 25, 1912, and that same had been refused. Defendant further answered that it had no notice that the shipment was sold for delivery at any particular time, and further that after the refusal of same the plaintiff advised that he would waive the statutory notice in regard to the sale of unclaimed and refused freight, and requested that same be sold immediately, that defendant sold same through a leading local dealer, realizing the net sum of $21, and this amount defendant tendered to the plaintiff both in the county and justice courts, and the same was refused. The trial in the court below without a jury resulted in a judgment in favor of plaintiff for the sum of $114.

The evidence shows that plaintiff, who lives near Patton, a station on appellant's railroad about 18 miles from the city of Galveston, shipped a car load of melons on July 24, 1912, over appellant's road from said station to the city of Galveston. He had contracted to sell the melons to a dealer in Galveston, before they were shipped, for $100 and the freight charges from Patton to Galveston. At the time the contract of shipment was made, no notice of the contract of sale between plaintiff and the Galveston dealer was given the appellant. The contract of sale provided that the car of melons should be delivered to the purchaser on a railroad siding at the foot of Twentieth street in the city of Galveston by 10 o'clock on the morning of July 25, 1912. The car of melons reached Galveston on the evening of July 24th, but, by a mistake of the appellant's agent at Patton, the car was billed to Beaumont. When the car checker at Galveston discovered that the car was billed to Beaumont, he supposed that it had been sent to Galveston by mistake and placed it in the next train going back to Beaumont, which left Galveston about 6 o'clock on the morning of 25th. Plaintiff, who had come to Galveston on the evening of the 24th for the purpose of having the car of melons delivered to the purchaser on the siding in accordance with the contract of sale, went to appellant's freight office about 8 o'clock on the morning of the 25th and paid the freight charges from Patton to Galveston, $14, and requested appellant's agent to whom he paid the charges to have the car placed on the siding before mentioned by 10 o'clock, telling him that he had sold the melons for $100 and the freight charges and had agreed that they would be placed on the siding by the time mentioned. This agent did not know at the time appellant paid the charges and requested that the

---

car be placed on the siding that it had been started back to Beaumont. As soon as this was discovered by the use of the telegraph the car was taken from the train on its way to Beaumont and returned on the next train coming to Galveston, which reached that city about 3 o'clock on the evening of the 25th. About 4 o'clock on that evening the car of melons was placed on the siding and plaintiff notified of that fact. In the meantime the purchaser had bought other melons and would not take plaintiff's, and plaintiff refused to receive the shipment from appellant. Plaintiff waived the statutory notice and authorized appellant to sell the melons for its own account at such time as it thought best. They were at once turned over by appellant to a commission broker and were sold for a price which after deducting the cost of sale netted $21. These facts do not sustain the judgment of the trial court.

[1, 2] We think it clear that there was no conversion of the melons by appellant, and plaintiff was not entitled to recover their value; his only cause of action being one for damages for delay in delivery. Ry. Co. v. Somerville Mercantile Agency, 104 S. W. 1072; Ry. Co. v. Wortham, 154 S. W. 1071.

[3] The general measure of such damages would be the difference between the market value of the melons at the time they should have been delivered by the use of ordinary care on the part of appellant and their market value at the time delivery was made.

[4] If appellant had been informed of the terms of the contract of sale at the time the melons were shipped, it would be liable to plaintiff for any loss sustained by him by reason of his inability to perform his contract of sale, if due to the negligence of appellant in failing to deliver the melons in a reasonable time, and the measure of such loss or damage would be the difference between the contract price of the melons and their market value at the time delivery was made. The notice of the contract of sale given appellant's agent by plaintiff at the time he paid the freight on the morning of the 25th would not make appellant liable for special damages sustained by plaintiff because of his failure to consummate the sale. The car of melons was not in Galveston at that time, and, because of the mistake in the billing, it was then being sent back to Beaumont, and it was not possible for appellant, after it received this notice, to have delivered the car sooner than it did, and the principle upon which the carrier was held liable for such special damages in the case does not apply. Bourland v. Ry. Co., 99 Tex. 407, 90 S. W. 483, 3 L. R. A. (N. S.) 1111, 122 Am. St. Rep. 647; Ry. Co. v. Cherry, 129 S. W. 152.

These objections to the judgment are made under appropriate assignments presented in appellant's brief, and the assignments must be sustained. It follows that the judgment of the court below should be reversed, and the cause remanded, and it has been so ordered.

Reversed and remanded.