## Aetna Insurance Company v. H. P. Eastman.

### No. 1034. Decided November 4, 1901.

**1.—Evidence—Corroborating Statements.**

In the absence of evidence impeaching the credibility of a witness, evidence of previous statements corroborating his testimony is not admissible. (P. 37.)

**2.—Same—Self-Serving Declaration.**

Introducton of declarations inconsistent with the testimony given by a witness and tending to show that by reason of some existing motive or influence his testimony is fabricated, warrants the admission of evidence of his former declarations corroborating his testimony only when they were made at a time when no such motive or influence existed. (P. 37.)

**3.—Same.**

In a suit by insured on a fire policy claimed to be avoided by taking additional insurance, of which forfeiture plaintiff sought to show a waiver by testifying that he told defendant's agent about taking the further insurance, and was sought to be impeached by showing that he had stated the contrary after the loss, evidence of his declarations corroborating his testimony, made after taking out the additional insurance and before the loss, was not admissible. (Pp. 36-38.)

**4.—Same.**

Having a policy avoided by his failure to communicate the fact of additional insurance to the agent, the insured had an interest differing only in degree from that which he would have after the loss, in making the declaration which would sustain his policy; and this though the agent issuing the second policy would have insured the property for the full amount of both policies. (Pp. 38, 39.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Hunt County.

Eastman sued the insurance company and recovered judgment which was affirmed on appeal by defendant, who thereupon obtained writ of error.

*Finley, Etheridge & Knight,* for plaintiff in error.—The testimony of the witness C. A. Sweeton was simply a recital of what the assured told him he had stated to D. E. Magrill, the agent for appellant, after the issuance of the additional insurance and before the fire, in the absence of the appellant, and was clearly a self-serving declaration made in the absence of the defendant, and of which it had no notice and was afforded no opportunity to deny; hence said testimony

was illegal, and because of its admission this case must be reversed. Ross v. Kornrumpf, 64 Texas, 395; Dewees v. Bluntzer, 70 Texas, 408; Rankin v. Bell, 85 Texas, 32; 1 Greenl. on Ev., secs. 149-169; Newman v. Dodson, 61 Texas, 95; Wallace v. Berry, 83 Texas, 331; Porter v. Metcalf, 84 Texas, 474; Moody v. Gardner, 42 Texas, 414; Solomon v. Huey, 1 Posey, U. C., 267; Speiss v. Stoeltze, 2 Posey, U. C., 621; 2 Whart. Law of Ev., sec. 1100.

Where a case is tried before a jury, as this was, and after each party has produced evidence sufficient to establish his side of the question at issue, which in this case was one of notice, "a feather's weight" of illegal testimony can not be properly admitted, and its admission is reversible error.

The court erred in overruling defendant's objection to the question to and answer of H. P. Eastman, for the reason that the question asked for a conclusion and the answer thereto is argumentative, is a self-serving declaration, made after reflection, and was illegal and not admissible for any purpose whatever.

While the plaintiff Eastman was on the stand as a witness in his own behalf, and during his redirect examination by his counsel, after having stated that W. F. Henderson told him after the fire that he had not notified Magrill of the additional insurance, he (witness) thought he replied to Henderson, "I didn't know I had to," his counsel asked him: "When he told you you had not notified Magrill of this matter, just state your mental operation," to which witness replied: "When he said that I was very much confused. I had been rendered nervous by the excitement of the fire, and when he told me that it confused me still more. I think I said I didn't know I had to. I then turned away, and when I had ridden a hundred yards all the facts connected with the notice came back to me as plain as daylight, and I recalled it all and brought it back and remembered every fact connected with the notice." To which question and answer defendant duly excepted, on the grounds, among others, that the question asked for a conclusion and the answer was argumentative and a statement of matters by which the defendant could not be bound, was self-serving, etc., which objections the court overruled.

The court erred in refusing defendant's requested instruction No. 4, which is as follows: "You are instructed that the burden is on the plaintiff to establish the waiver pleaded by him of the condition of the policy against additional insurance by a preponderance of the evidence, and if he has not done so, you will return your verdict for the defendant." Where defendant, as in this case, pleads a breach of contract, by virtue of which plaintiff has forfeited his rights under the contract, and the plaintiff, as in this case, pleads notice of such breach on the part of defendant's agent and a waiver thereof, the burden is on the plaintiff, not only to show the authority of the agent, but also to establish the notice and the waiver. Cattle Co. v. State, 80 Texas, 687; Emerson

v. Mills, 83 Texas, 385; Insurance Co. v. Jacobs, 56 Texas, 366; Railway v. Overall, 82 Texas, 249.

*Craddock & Looney,* for defendants in error.—In this case a design to misrepresent and swear falsely was imputed to the plaintiff from motives of interest, hence it was proper for him to prove in rebuttal his former statement made to the witness Sweeton at a time when the supposed motive to misrepresent and defraud did not exist, in order to corroborate his testimony given in court. Lewy v. Fischl, 65 Texas, 311; Moody v. Gardner, 42 Texas, 414; 1 Greenl. on Ev., sec. 469; Graham v. McReynolds, 18 S. W. Rep., 277; Railway v. Lawson, 58 S. W. Rep., 480.

It was clearly proper for the court to permit the plaintiff to explain, if he could, the reason for his answer given to Henderson and of his failure for the time being to recollect the fact that he had given the notice of the additional insurance to Magrill. The reasonableness of his explanation and the credibility of his testimony were questions of fact to be passed upon by the jury.

The court in its main charge instructed the jury sufficiently on the point sought to be covered by the requested charge. Among other things the court charged the jury as follows: "You are charged that the burden of proof is upon the plaintiff to establish, by a preponderance of the evidence, that such notice was given, and unless you find from the evidence that he has done so, you will find for the defendant."

GAINES, CHIEF JUSTICE.—This suit was brought by the defendant in error to recover of plaintiff in error the sum of $1600 upon a policy of insurance against fire upon a certain house belonging to the insured. There was a verdict and judgment in favor of the defendant in error, which, upon appeal, was affirmed by the Court of Civil Appeals.

The Court of Civil Appeals in their opinion, after stating the nature of the suit, make the following statement of the case as bearing upon the first assignment of error:

"The defendant plead that the policy had been forfeited by reason of the plaintiff violating a stipulation of the policy which prohibited him from taking out additional insurance in excess of $3000. Plaintiff replied, alleging waiver by the agent of said company. Plaintiff recovered judgment and defendant appeals.

"The evidence shows that defendant company issued to plaintiff its policy covering a building owned by plaintiff, insuring said building against fire in the sum of $1500, and dated March 15, 1899. Said policy contained a clause prohibiting other insurance except such as permitted by said policy, which was $3000.

"On January 23, 1900, plaintiff took out additional insurance for $3500. On the day said additional insurance was procured, plaintiff notified D. E. Magrill, the agent of said defendant, that he had secured

said additional insurance on said building and no steps were taken to cancel the policy sued on.

"The appellant's first assignment of error complains of the action of the court in permitting one Sweeton, a witness for plaintiff in rebuttal, to testify, over objections, that plaintiff told him on the day said additional insurance was taken out about said transaction and that plaintiff had told him that he had notified D. E. Magrill that said additional insurance had been taken out. Appellee insists that said statement was a self-serving declaration made in the absence of the defendant, and of which it had no notice and was afforded no opportunity to deny and hence illegal.

"The plaintiff, in testifying in his own behalf, testified that when said additional insurance was procured he notified Magrill, the agent of defendant, of that fact, which was denied by Magrill. On cross-examination of plaintiff by defendant, he was asked relative to statements made by him to one Henderson, the agent who wrote the additional insurance for plaintiff, the effect of said statement being that he had not notified Magrill of such additional insurance. Plaintiff in reply to interrogatory stated: "Henderson told me I had not notified Magrill, and I did not tell Henderson in reply that my reason for not having done so was that I did not know that I had to.'

"Defendant placed Henderson on the stand, who testified that after the fire he had a conversation with plaintiff about additional insurance and asked him, 'Did you notify Magrill?' The plaintiff just remarked, 'that he did not know he had to.' I said, 'Yes, you did, for I told you.' He says, 'Well, I don't recollect.' "

We think the trial court erred in admitting the testimony of Sweeton as to the plaintiff's declarations to him, and that the Court of Civil Appeals erred in not so holding. Upon the subject of admitting the testimony of the former declarations of a witness in support of his testimony given upon the trial, there is a great contrariety of opinion as to the circumstances which render such admission proper. But two rules are reasonably well established: 1. That in the absence of evidence impeaching the credibility of a witness, such testimony is never admissible. Moody v. Gardner, 42 Texas, 414. 2. That whenever a witness is sought to be impeached by showing that he has made declarations inconsistent with the testimony given by him upon the trial and the tendency of such impeaching evidence is to show that the testimony of the witness is, by reason of some motive existing at the time of the trial or of some influence then operating upon him, fabricated, it is proper to admit evidence of his former declarations which corroborate his testimony, provided such declarations were made at a time when no such motive or influence existed. Lewy v. Fischl, 65 Texas, 311; Commonwealth v. Jenkins, 10 Gray, 489; State v. Flint, 60 Vt., 304; Barkly v. Copeland, 74 Cal., 1. The rules seem not to be seriously disputed, but the question is as to the applicability of the second rule to the facts of this case. At the time of the alleged declarations to Sweeton, did the plaintiff

have a motive to misrepresent the fact stated by him? Sweeton testified that the declarations were made to him the day after the additional insurance was taken out. If at that time the plaintiff had not notified Magrill, the agent of the defendant company, that he had taken out the additional insurance, the policy sued upon was void; if he had so notified him, it was a valid and subsisting contract. Hence it was a self-serving declaration. Whether his interest in the matter induced him to make the statement or not is not, as we understand, a question to be inquired into by the court in determining the admissibility of the declaration. If the motive did not exist, the evidence is admissible; if it did, it should be excluded. At the time he gave his testimony, the loss had accrued and his interest was more immediate and the motive more potent. It is nevertheless true that at the time of the alleged statement it was to his interest to make it. At the last named period, if notice had not been given, the policy was void and worthless; if it had, it was valid and a thing of value. Therefore, while the motive at the time of the alleged statement may have differed in degree from that at the time of the trial, it did not differ in kind. The reason that evidence of former declarations of a witness are admissible in such cases is that his testimony having been assailed on the ground that he had an interest to fabricate it, proof that he made statements consistent with that testimony at a time when he had no such interest tends to show that the testimony was not an afterthought and to rebut the theory of fabrication. As we think, according to the best authorities, this is the reason of the rule and suggests its appropriate limitations. 2 Evans' Pothier on Obligations, 247. The declarations offered in evidence in such cases are at best hearsay and are inadmissible under the general rule; and we are of opinion that if the declarations are sought to be brought within the exception, the grounds which take it out of the rule ought clearly to appear.

In Lewy v. Fischl, supra, the court, in speaking of the testimony complained of in that case, say: "It showed that appellee had the same conception of the facts before the imputed motive could exist that he had at the trial, and certainly was corroborant of his testimony. His declarations were, therefore, properly admitted." The court held the testimony admissible, but we think that the facts of that case are distinguishable from the facts in this. There at the time the declarations were made, Fischl could not reasonably have anticipated the controversy which gave rise to the suit in which he testified. The same can not be said of the plaintiff's position in this case. We doubt, however, whether the declarations of a party to a suit made at a time when they are in any manner self-serving ought ever to be admitted in corroboration of his testimony given upon the trial.

But it is ably and plausibly urged that since the Court of Civil Appeals have found that at the time the alleged declarations were admitted, the plaintiff had no motive for falsifying the facts, we are bound by that finding. The following is the finding of the Court of Civil Ap-

peals upon that point: "The additional insurance, as before stated, was procured on January 29, 1900, when the insurance agent, Henderson, testified that the building would bear the amount of insurance that the plaintiff had on it at the time of the fire, March 3, 1900. The conclusion is fairly deducible from Henderson's testimony that plaintiff could have secured from him insurance on the building for the full amount for which it was insured at the time it burned, which precludes the idea that plaintiff entertained an improper motive when he made the declaration to Sweeton." But we are of opinion it does not follow that because the property would have borne a certain amount of insurance that Henderson would have insured it for the full amount. But even had such been the fact, neither does it follow that the plaintiff would not have been in a better position by letting his first policy stand than by taking out a new policy for the same amount and paying an additional premium therefor. Therefore, we can not say that the plaintiff did not have a pecuniary interest in the statement, and that a motive did not exist for falsifying the fact.

Since this case is to be remanded for a new trial, we deem it proper to say that we do not wish to be understood as casting any reflections upon the credibility of the plaintiff, which is a matter solely for the determination of the jury. We merely hold that under the evidence given upon the former trial, his declarations were not admissible in evidence.

We are of opinion that the plaintiff in error's second and third assignments were without merit, and that the Court of Civil Appeals did not err in so holding.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*