## McMILLION v. FIRST NAT. BANK OF HEREFORD.

(Court of Civil Appeals of Texas. Amarillo. Jan. 6, 1912. Rehearing Denied March 1, 1912.)

1. JUDGMENT (§ 17*)—NATURE AND VALIDITY —FORM.

A citation issued in an action on a note in a county court is sufficient, though written on a printed form designed for the district court, where necessary changes and interlineations were typewritten and the proper erasures made.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33, 157, 422; Dec. Dig. § 17.*]

2. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR.

Though an instruction in an action on a note submitted that the plaintiff sought to recover interest from date, while the note and plaintiff's pleading only required interest from maturity, the error will not reverse where the jury assessed interest only from maturity.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

3. EVIDENCE (§ 271*)—SELF-SERVING DECLARATIONS.

Where, in an action on a note, defendant, who was a surety, testified that he had served notice on the plaintiffs to collect the note and to sue if necessary, and there was no attempt to impeach him, testimony of another witness that he had advised the service of such notice, and that defendant had told him of the making of such service, was properly refused as a self-serving declaration.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068–1079, 1081–1104; Dec. Dig. § 271.*]

Appeal from Deaf Smith County Court; C. D. Wright, Judge.

Action by the First National Bank of Hereford against G. W. McMillion. From a judgment for plaintiff, defendant appeals. Affirmed.

Barcus & North, for appellant. Carl Gilliland, for appellee.

PRESLER, J. This suit was brought by appellee on a note for the sum of $306.94, dated January 9, 1909, due July 9, 1909, with 10 per cent. interest per annum from maturity and 10 per cent. additional on the amount of principal and interest as attorney's fees against appellant and one J. C. Burrell. The defendant Burrell made no answer, and judgment by default was rendered against him. Appellant answered by general demurrer, general denial, and specially that he was only a surety on the note sued on, and that, after said note became due, he notified appellee in writing to file suit against J. C. Burrell, the principal on the note, to collect same, and that more than two terms of the court having jurisdiction has passed since said notice was given, and before suit was filed, and also specially answered that for a valuable consideration after maturity appellee had extended the time of payment of said note for the defendant Burrell, and had thereby released appellant, and further specially pleaded in the event judgment was rendered against him for judgment in his behalf over against his codefendant Burrell. Appellee by supplemental petition and in answer to appellant's pleading further pleaded that the makers and indorsers of the note sued on had severally waived demand of payment, notice of nonpayment, protest, and notice of protest, and consented that time of payment might be extended from time to time without notice thereof.

This cause was tried before a jury, resulting in a verdict and judgment for appellee against appellant and J. C. Burrell for the sum of $388.06, from which judgment appellant alone appeals to this court,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

and seeks to have said judgment reversed and remanded for a new trial.

[1] Appellant's first assignment is as follows: "The court erred in rendering judgment against the defendant, G. W. McMillion, because it was shown that he was surety on said note, and the citation served on the defendant J. C. Burrell, who was principal, would not support a default judgment." On examination of the original citation, as well as the copy of the same set forth in the transcript, the original having been sent up by agreement of parties and made a part of the record, we are of the opinion that the citation objected to is in all essential requisites in compliance with the statute. It appears that in preparing the citation a printed form was used, designed for the district court, and the necessary corrections and changes made by using a typewriter. We find that the necessary words are partly typewritten as interlineations, and the words in the printed form that should be erased are plainly so indicated, and therefore hold that the citation in question is sufficient to support the default judgment rendered against the said defendant J. C. Burrell, and said assignment is accordingly overruled.

[2] Appellant, under his second assignment, complains of error of the court in instructing the jury in his charge to the effect that plaintiff sought to recover interest on the note sued on from date, instead of maturity of the same; the note providing, and the pleading of the appellee as well asking, for interest from maturity. While this was unquestionably error on the part of the court, we are unable to see how appellant could have been injured thereby in view of the fact that it is evident the jury only found for appellee interest from maturity instead of from the date of the note, as instructed by the court, and the amount for which the jury rendered a verdict is the proper amount so calculating the interest, principal, and attorney's fees, to which appellee was legally entitled. We therefore hold that said error in the charge of the court was harmless and without injury to appellant, and constitutes no reversible error.

[3] Appellant's third and only remaining assignment is as follows: "The court erred in refusing to let the witness, Jno. C. North, testify that defendant, G. W. McMillion, came to him, witness, in September or October, and told witness that he, McMillion, was surety on a note sued on, payable to First National Bank, and also surety on a note for J. C. Burrell, at First State Bank & Trust Company of Hereford, and asked witness what he must do to be relieved from liability on said notes, and that witness told said McMillion to give each of the parties written notice to collect said notes and to

file suit to make said collections if necessary, and that McMillion returned to office of witness the same day and informed witness that he, McMillion, had given plaintiff and the First State Bank & Trust Company written notices to file suit to make said collections, and further witness would have testified that he was attorney for First State Bank & Trust Company, and that the same day or the following day the First State Bank & Trust Company showed witness the written notice delivered to it by McMillion, and that said First State Bank & Trust Company turned its said note over to witness for collection, because said testimony tended to establish the fact that a written notice had been served on plaintiff, and was material to the defense of said G. W. McMillion." We think the court properly sustained the objection of appellee to the admission of the evidence set out in the assignment on the ground that it was immaterial and irrelevant, and that it was sought to introduce in evidence self-serving declarations made by appellant. being of the opinion that it was not permissible for appellant to prove either by himself or by the witness statements made by himself wherein he claimed to have served appellee with the written notice in question; such statements of appellant having been made to the witness in the absence of appellee. The statements so made and sought to be introduced in evidence were clearly self-serving, were offered on direct examination, and in the absence of any evidence impeaching the credibility of appellant, who had testified to the effect that he had served the notice in question upon appellee, and no declarations of his inconsistent with his testimony were introduced or offered to be introduced in evidence. Moody v. Gardner, 42 Tex. 412; Ætna Insurance Company v. Eastman, 95 Tex. 34, 64 S. W. 863.

Finding no reversible error assigned by appellant, or shown by the record, we conclude the judgment appealed from should be in all things affirmed, and it is accordingly so ordered.