NORTHERN TEXAS TRACTION CO. v. NICHOLSON et ux. (No. 7573.)

(Court of Civil Appeals of Texas. Dallas. Oct. 21, 1916.)

1. TRIAL ☞191(9) — INSTRUCTION — WEIGHT OF EVIDENCE—CARRIAGE OF PASSENGERS.

In action against carrier for injuries to plaintiff's wife getting off a car, an instruction that it was "the duty of defendant's servants in charge of defendant's car at the time and place of the alleged accident to have used for the safety of plaintiff's wife" the highest degree of care, etc., was erroneous in not conditioning such degree of care upon the issue of whether she was a passenger, and thus in effect charging on the weight of evidence, contrary to the direct prohibition of Vernon's Sayles' Ann. Civ. St. 1914, art. 1971.

[Ed. Note.—For other cases, see Trial, Dec. Dig. ☞191(9); Carriers, Cent. Dig. § 1337.]

2. TRIAL ⊕⇒256(9)—INSTRUCTIONS—REQUEST —NECESSITY—CONTRIBUTORY NEGLIGENCE.

In the absence of request by defendant to so charge, it is not reversible error to fail to instruct in the main charge, in an action for negligent injury, that plaintiff must show absence of contributory negligence, where plaintiff's pleading and evidence does not disclose presence of contributory negligence, and where defendant's requested charge on contributory negligence is given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 637; Dec. Dig. ⊕⇒256(9).]

3. EVIDENCE ⊕⇒271(10)—SELF-SERVING DECLARATION—STATEMENT AS TO INJURY LONG AFTER ACCIDENT.

In action for injuries, testimony of a witness, that long after the alleged accident the alleged injured party stated she had been hurt, is inadmissible as a self-serving declaration.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1082; Dec. Dig. ⊕⇒271(10).]

4. TRIAL ⊕⇒121(4)—ARGUMENT BY COUNSEL— CORPORATION'S WITNESSES.

In action against carrier for injuries, where the carrier had agreed with certain witnesses to reimburse them in the ratio of their earnings for the time they were in attendance upon court as witnesses, statement to the jury by counsel for plaintiff that these witnesses were "bought and paid for," and that the carrier's claim agent admitted that fact, etc., was error; there being no impropriety in such arrangement for reimbursement for time lost.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 298, 300; Dec. Dig. ⊕⇒121(4).]

5. EVIDENCE ⊕⇒590 — CREDIBILITY OF WITNESSES—CORPORATION'S SERVANTS.

While a jury is not compelled to accept as true the evidence of a corporation's servants because they are such, the jury has no right to disbelieve such evidence for that reason.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2439; Dec. Dig. ⊕⇒590.]

6. APPEAL AND ERROR ⊕⇒1170(7)—HARMLESS ERROR.

Notwithstanding rule 62a of Courts of Civil Appeals (149 S. W. x) as to error not amounting to denial of rights of appellant, evidence for defendant carrier in an action for injuries as to the cause of the accident and the extent of injuries *held* to be such that errors by the trial court could not be considered harmless; the verdict being for $5,000 for a fractured leg.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4066, 4543; Dec. Dig. ⊕⇒ 1170(7).]

7. EVIDENCE ⊕⇒477(2)—OPINION EVIDENCE— NONEXPERTS—APPARENT SICKNESS.

In action against carrier for injuries to plaintiff's wife, plaintiff's testimony, in answer to question whether from her appearance she was getting better or worse, that she was getting worse, was not improper.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2238; Dec. Dig. ⊕⇒477(2).]

Error from District Court, Dallas County; Kenneth Foree, Judge.

Action by T. J. Nicholson and wife against the Northern Texas Traction Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, and J. Hart Willis and Thompson, Knight, Baker & Harris, all of Dallas, for plaintiff in error. J. C. Patton and W. H. Clark, both of Dallas, for defendants in error.

RASBURY, J. Defendant in error was plaintiff in the lower court, and the plaintiff in error was defendant. For convenience and brevity they will be so designated in this opinion. Plaintiff Nicholson sued defendant, Northern Texas Traction Company, for damages for personal injuries alleged to have been negligently inflicted upon his wife while she was a passenger upon one of defendant's street cars in the city of Dallas. The substance of the alleged negligence was that, after defendant had halted its car upon signal from plaintiff's wife and while she was in the act of alighting, the defendant, without warning to plaintiff's wife, suddenly, with a violent jerk and lurch, started its car forward, throwing her with great force and violence to and upon the street, seriously and permanently injuring her. Defendant's defenses, necessary to be stated, will appear from our consideration of the issues presented in its brief, and for that reason the pleading will not be detailed. Trial of the case resulted in verdict and judgment for plaintiff for $5,000. From such judgment defendant has appealed.

We will not consider the assignments seriatim, but the issues raised thereby; nor will we attempt to state the facts adduced by the respective parties, save when necessary in discussing the issue.

[1] Complaint is made of the court's instruction to the jury on the degree of care to be exercised by defendant toward plaintiff's wife while a passenger on its car. The point urged is not that an erroneous definition of the degree of care to be exercised was given, but that the instruction was upon the weight of the evidence, in that it assumed that plaintiff's wife was a passenger at the time of the alleged accident, while the evidence on that issue was conflicting and hence led the jury to believe that plaintiff's contention with reference to the time, place, and manner of the accident was true as matter of law. In connection with the issue so made, plaintiff's testimony tended to show that, while his wife was in the act of alighting from the car, defendant's servants suddenly put the same in motion with a violent jerk by which his wife was thrown from the steps of the car onto the ground and seriously injured. Defendant's testimony, on the contrary, tended to show that plaintiff's wife alighted safely from the car and thereafter seized one of the handholds of the car as it was moving away as a contrivance upon which to base a pretended or fraudulent suit against defendant. The charge does tell the jury that it was "the duty of defendant's servants in charge of defendant's car at the time and place of the alleged accident to have used for the safety of plaintiff's wife" the highest degree of care, etc. Fairly considered, the charge is in our opinion susceptible of the criticism directed against it. It unequivocally tells the jury that defendant was bound to

exercise toward the wife of plaintiff the duty defined "at the time and place of the alleged accident." Whether defendant was so bound depended upon the fact issue of whether she was a passenger. Our practice acts provide that the trial judge "shall not charge or comment on the weight of evidence." 2 Vernon's Sayles' Stats. art. 1971. And the inquiry always is whether the statute was in fact violated and the probable effect upon the jury. In connection with such inquiry, the case of El Paso Elec. Ry. Co. v. Boer, 108 S. W. 199, is in point in the case at bar. In that case the trial court charged the jury:

"That plaintiff, as shown by the evidence, was a passenger on the car of defendant (company) at the time and place of the alleged injuries."

In passing on the correctness of the charge, the court said that the ordinary rule is that one continues to be a passenger until he reaches his destination and is given reasonable time and opportunity to safely disembark, but that the charge complained of, when it told the jury that plaintiff "was a passenger on the car of the defendant company at the time and place of the alleged injury," assumed as a fact that plaintiff had not been afforded a reasonable time and opportunity to safely disembark, and continued in fact a passenger thereon, and was hence erroneous. In the present case, while the charge does not tell the jury that plaintiff's wife was a passenger at the time and place of the accident, it does inform the jury that she was at that very time entitled to that high decree of care to which passengers are entitled. It may be that the error would have been emphasized had the court in so many words informed the jury that plaintiff's wife was a passenger, but it seems to us that the difference in the two cases is in form rather than substance, since to tell the jury that plaintiff's wife was entitled to that high degree of care due a passenger was but to say she was a passenger. The effect of plaintiff's counter propositions is that, when considered in connection with the special charges given at the request of defendant, the probable effect of the main charge, if erroneous, was not to mislead the jury. The court did at the request of defendant specially instruct the jury, if plaintiff's wife's injuries proximately resulted from her seizing the handhold of the car after she had safely disembarked from the car, to return a verdict for defendant, regardless of all other issues in the case. The proposition is not without force and persuasion, and it might be that, in the absence of the sharp conflict in the evidence presented by this record and the absence of other error, the case would not be reversed on such ground alone. Since, however, the case is to be reversed on other grounds, further discussion of the issue will not be necessary.

[2] A further attack is made upon the court's main charge submitting the issue of negligence. The charge directed the jury to find for plaintiff if from the evidence they believed defendant "negligent" as that term had been defined, and also believed that such negligence was the direct and proximate cause of plaintiff's wife's injuries, if any; but, on the other hand, to find for defendant if they believed it was not negligent, or that plaintiff's wife was not injured. The precise criticism of the charge is that in effect it excludes from the consideration of the jury the issue of contributory negligence tendered by defendant, and sustained by evidence. In such connection, it appears from the record that the trial court at the request of defendant specially instructed the jury that if the wife of plaintiff safely alighted from the car after it halted, but seized the handhold of the same when it resumed motion, and such act proximately contributed to her injuries, to find for defendant, regardless of any other issue in the case. Defendant contends, however, that the giving of such special charge did not cure the vice in the main charge, for the reason that as presented there was an irreconcilable contradiction in the two charges, which permitted the jury to follow either without reference to the evidence. The rule invoked is announced in the leading case of Baker v. Ashe, 80 Tex. 356, 16 S. W. 36, and reaffirmed in a number of later cases, and when applicable is a well-recognized one. We conclude, however, that it is not applicable in the case at bar. The general rule is, in substance, that in construing the court's charge it should be considered as a whole and each part considered as a qualification of the other. But it was said in the case cited that, when the court omitted from its charge one of the facts to be found and which was essential and necessary to a recovery, such general rule did not apply; and as a consequence it was held in the case cited that the omission to charge the jury on every fact necessary to a recovery on the case as made could not be cured by a special charge supplying the omitted issue. The reason is clear, for to say that a recovery may be had without proof of the facts necessary to sustain it is palpably erroneous. It is equally clear that a special charge is unavailing to cure the error, for by the main charge a state of facts is related which will entitle the litigant to a recovery without reference to any other fact submitted in special charges. The jury might consistently argue that while the facts to be found by the special charges were adverse to the plaintiff, at the same time those submitted in the main charge could be found favorably and constituted in law, as evidenced by the charge of the court, sufficient ground for recovery. But we think an entirely different issue is presented by the record in the case at bar. It is not claimed that any affirmative fact necessary and essential to plaintiff's right to recover, if the jury accepted his theory of the case, was omitted by the court in

his charge. It is only in such cases that we understand the rule relied on by defendant to be applicable, with one exception, which will directly be noted. Contributory negligence in the present case was a defense urged by defendant. The case made by plaintiff's pleading and evidence did not disclose any negligence on the part of his wife contributing to her injury, and hence plaintiff was not compelled to prove the absence of such negligence to authorize the verdict. A case in point is G., C. & S. F. Ry. Co. v. Allbright, 7 Tex. Civ. App. 21, 26 S. W. 250. In discussing the court's charge it was said:

"The only question here is whether the failure to include, in the facts essential to recovery, absence of contributory negligence, is to be treated as an omission which should be supplied by a request for a special charge, or as a positive error. If contributory negligence came into the case as a separate and distinct defense, not involved in the investigation of the very transaction on which plaintiff relied, and therefore to be alleged and proved affirmatively by defendant, it may be that an omission to charge on it would not be reversible error, if no special instruction were requested."

The court then holds that the development of the facts essential to plaintiff's cause of action did disclose contributory negligence on his part, and, the trial court having failed to include in the charge presenting the plaintiff's case an instruction that plaintiff must show the absence of such negligence, error was committed, since it permitted a recovery upon a partial view of the facts necessary and essential to be shown. In the present case, however, as we have said, it does not appear from the evidence of plaintiff that his wife was guilty of contributory negligence. That issue came into the case as a distinct and separate defense tendered by defendant. Consequently, while that issue could have been properly submitted in the main charge, it was not reversible error to omit it, since it was the duty of defendant to request its submission. From what we have said, and since it was not necessary for plaintiff to show affirmatively that his wife was not guilty of contributory negligence, it follows there is no contradiction in the main and special charge, since the rule in such cases is undisputed, save in the exceptions noted, that one portion of the charge may be regarded as qualifying another, and the presumption is that the jury so considered it and were not misled thereby.

[3] By appropriate assignment the issue is made that the court erred in admitting certain testimony tendered by plaintiff. Mrs. Praeger, witness for plaintiff, testified that after the accident, by which plaintiff's wife claimed to have been injured, she was employed by the plaintiff and his wife in their corset factory and commenced work there about February 6, 1913, which was subsequent to the alleged injuries, and that plaintiff's wife was then confined in bed, and that she never saw her walk while employed there, which was for about two months. After

er so testifying, counsel for plaintiff inquired of the witness, "What complaint did she (meaning Mrs. Nicholson) make while you were there?" Over the objection of counsel for defendant, the witness answered, "She told me she had been hurt." The proposition urged is, in effect, that the answer of the witness is but a self-serving declaration of the injured party, made long after the accident and upon an issue sharply controverted, and hence inadmissible, because incompetent. By the rule announced in Insurance Company v. Eastman, 95 Tex. 34, 64 S. W. 863, the admission of the testimony complained of was reversible error. In the case cited, Eastman sued the insurance company upon a fire insurance policy. The insurance company sought to avoid liability on the ground that Eastman had secured additional insurance on his property in excess of the amount stipulated, without notice to the company, which act by the contract forfeited the policy. At trial Eastman testified that he did notify the agent of the insurance company that he had secured the additional insurance. The agent testified that Eastman did not so notify him. The evidence so standing, counsel for Eastman in rebuttal introduced as a witness one Sweeton, who, over objections, testified that Eastman told him that, on the day the additional insurance was secured, he (Eastman) did notify the insurance company's agent of that fact. In passing on the action of the court in admitting Sweeton's testimony, our Supreme Court said there was great contrariety of opinion on the subject of what circumstances would render admissible the former declarations of a witness as support for his testimony at trial, but that two rules were reasonably well established; one being that, in the absence of evidence impeaching the credibility of a witness, such testimony was never admissible. In the present proceeding no attempt was made to impeach Mrs. Nicholson's credibility as a witness. Her declaration that she was in bed because she had been hurt was clearly self-serving, since it was and could have been in corroboration only of her claim that she was in bed as a result of the alleged accident, and for which she had pending at the time a suit for damages. Defendant in error's reply to the point, aside from technical objections to the manner of presenting the issue, which in our opinion are not well taken, is, in substance, that the evidence complained of was the opinion of the witness and was admissible for that reason. Experts may state the apparent physical condition of a person, as the existence of a state of apparent sickness or disease, etc. Such rule, however, will not render admissible the declarations made to another in corroboration of the declarant's testimony.

[4] It is further urged that the court erred in two instances in overruling objections tendered by defendant to certain argument of counsel for plaintiff. It was shown by

the evidence that defendant's claim agent had agreed with certain women formerly in the employ of Mrs. Nicholson to reimburse them in the ratio of their earnings for the time they were in attendance upon court as witnesses for defendant. In discussing the case counsel for plaintiff said:

"Now, about these women, gentlemen of the jury, we can't believe their testimony. They are bought and paid for, as admitted by their claim agent, Douglass."

Other counsel in the concluding argument to the jury made the statement, in substance, that Chief Justice Brown had said, in an opinion in a suit against a railroad company, that the jury did not have to believe witnesses because they were servants of the railroad company. We have recently said on the issue raised here, in substance, that the trial court has no discretionary control over a litigant's right to be heard by counsel, save as to order, time, division, etc., and the right to require of counsel proper observance of the scope of the argument, and that in that respect the most liberal freedom of speech should be allowed. One of the limitations of counsel's right is, however, that he may not state facts not supported by or inferable from the evidence in the case under discussion. Winnsboro Cotton Oil Co. v. Carson, 185 S. W. 1002. That counsel's statement that defendant's claim agent "had bought and paid for" certain witnesses, and that the claim agent admitted that fact, and as a consequence could not be believed, is not fairly supported by or inferable from the evidence is in our opinion, clear. The claim agent testified, in substance, that he had agreed to pay the witnesses while in attendance upon court in the ratio of what they were earning. The litigation involved a private controversy between the parties, and there is much reason why the witnesses would not have been willing to quit their employment and sacrifice their earnings in order to testify in a matter in which they had no interest, and we see no impropriety in the arrangement, or any justification or support in the evidence for the deduction drawn. It is true that the witnesses could have been forced to attend by tendering their fees, but such a course is obviously beset by many inconveniences and difficulties tending to prevent a full development of the facts. Of course, had any circumstance or fact been proven that would have justified the innuendo of perjury, the argument would have been legitimate; but, in our opinion, that fact is not deducible from the agreement to reimburse the women for the time lost.

[5] The other objection to counsel's argument is based upon the statement of counsel, made in the concluding argument, that former Chief Justice Brown of our Supreme Court had said in an opinion in a suit against a railroad company that the jury did not have to believe the testimony of certain witnesses because they were servants

of the railway company. This statement was also not supported by or inferable from the evidence, nor is it a correct principle of law if that fact would justify the utterance. While it may be true that the jury were not compelled to accept as true the evidence of the two servants of defendant merely because they were servants, it is conversely true that they had no right to disbelieve them for that reason.

[6] Counsel for plaintiff meet the complainants with reference to the argument with the proposition that the error was harmless as reflected by the amount of the verdict, and for that reason should be sustained under rule 62a (149 S. W. x). We conclude the present case to be one where the effect of the error is not reflected in the verdict, and one where we cannot say the improper argument was not reasonably calculated and probably did not cause an improper judgment. We reach that conclusion because of the state of the evidence. While we have not heretofore adverted to that fact, the evidence in the case on the issue of whether Mrs. Nicholson was injured while alighting from the car or injured at all is in pronounced conflict. Mr. and Mrs. Nicholson and their daughter testified positively that she was thrown from the car while in the act of alighting. Her expert witnesses testified that as a result of that fall the leg bone was fractured at the point where it fits into the hip socket. A number of witnesses also testified to the fact that Mrs. Nicholson was confined to her bed after the accident with a weight attached to her leg. The conductor on the car upon which Mrs. Nicholson was a passenger and the motorman on another car about 15 feet in the rear testified positively that Mrs. Nicholson alighted safely from the car, but designedly seized the handhold of the same when it resumed motion, following same a few steps when she released her hold and walked across the track, never at any time being thrown to the ground. Plaintiff in error also adduced a great amount of evidence of much probative force tending to show that Mrs. Nicholson was malingering subsequent to the accident.

It was the servants of the defendant in the one instance who testified concerning Mrs. Nicholson's actions in alighting from the car and who counsel argued did not have to be believed because they were servants, while in the other it was the women referred to by counsel as having been bought and paid for by the claim agent who testified to the facts tending to prove that Mrs. Nicholson was malingering. The evidence so standing, can it be said that the error was harmless because only $5,000 was allowed for a fractured bone? As indicated, we do not think so. The evidence was sharply conflicting and evenly divided on both the issue of the fall from the car and Mrs. Nicholson's subsequent simulated illness. To discredit the servants of defendant and the women witnesses was

but to strengthen the evidence of Mr. and Mrs. Nicholson and their daughter, on the issue of the accident, and that of her other witnesses on her subsequent illness. Such was the holding in Ft. W. Belt Ry. Co. v. Johnson, 59 Tex. Civ. App. 105, 125 S. W. 389. And in this case, as was said in the case cited, no effort was made to impeach the witnesses sought to be discredited by the argument, nor is any conflict, contradiction, or inherent improbability shown in their account of the accident, and· as a consequence no justification for the charges.

Another assignment of error also complains of certain argument of counsel for plaintiff, but the argument there complained of in our opinion was reasonably in reply to and provoked by counsel for plaintiff in error.

[7] While plaintiff was on the stand as a witness, he was asked, in reference to his wife's condition after the accident:

"Was she all the time getting better or worse? From her appearance was she getting better or worse as she went on? Did she appear from her appearance better or worse?" To which, over objections, he answered, "She has been getting worse."

Under the facts shown by the bill, we conclude the question was not improper. Yeatts v. St. Louis S. W. Ry. Co., 184 S. W. 636. In the case cited, the general rule as stated (17 Cyc. 87) is quoted and may be the guide on another trial.

Several assignments raising issues of pleading will not be considered, for the reason that an inspection of the pleading discloses that the assignments are without merit.

It will not be necessary to review the sufficiency of the hypothetical question submitted to Dr. Boyce in view of a reversal of the case, since the facts may be dissimilar.

For the reasons indicated, the judgment is reversed, and the cause remanded for another trial.