**HERRIN TRANSPORTATION COMPANY et al., Appellants,**

**v.**

**Steve Joe GREGORY et al., Appellees.**

**No. 4280.**

Court of Civil Appeals of Texas.

Waco.

Oct. 15, 1964.

Rehearing Denied Dec. 10, 1964.

Butler, Binion, Rice & Cook, John L. McConn, Jr., Houston, for appellants.

Patterson, McDaniel & Moore, Louis M. Moore, Houston, for appellees.

WILSON, Justice.

In a personal injury case arising out of a truck collision, judgment was rendered for plaintiffs on a jury verdict. We affirm.

■ Defendants say the jury findings to the effect that their truck was driven on its wrong side of the highway, and plaintiffs' truck was not, are without support in the evidence, and are contrary to the great weight and preponderance of the evidence. Although defendants list evidence and circumstances which would have supported a contrary verdict, the evidence, in our opinion, is adequate to support each of these findings and their correlatives.

■■ Complaint is made that the court excluded the prior consistent statement of defendants' witness, a police officer who investigated the collision. On direct examination, after testifying to a detailed description of the highway and vehicles after the collision, and expressing an opinion as to the point of impact favorable to defendants, this witness testified that he visited the injured plaintiff in his hospital room July 8th, the morning after the accident. In response to the officer's question, "What happened?", plaintiff then answered, he testified, "I hit a hole or bump in the road and went over there and run into him."

On cross-examination the officer testified that plaintiff did not tell him he was on the wrong side of the road, and did not tell him he "ran into the other vehicle." It was also developed that at the time this witness testified he talked to plaintiff, the day following the collision, the hospital records showed the latter was "sleeping soundly." Plaintiffs' counsel then read from testimony of the officer given nine months after the accident in a previous trial to the effect that the conversation with plaintiff occurred on the 7th, the morning of the accident. The officer insisted, "I talked to him on the 8th." His subsequent deposition testimony given 14 months after the collision to the effect that the conversation took place on the 8th was also read. The witness testified he did not remember whether he had talked to defendants' representa-

tives before the previous trial, but he had talked to the representatives before his deposition was taken and before he "changed it to the 8th."

On redirect, objection was sustained to defendants' question to this witness: "When you talked to him, was the sense of his conversation that he had gone over on the wrong side of the road?" There is no showing as to what the answer would have been if admitted. In the ensuing argument defendants' counsel told the court he knew from conversations with the witness and his prior testimony that he "believes the sense of what Gregory told him was that Gregory got over on the wrong side of the road." The court said, "You have got the right to go back over it and ask him what he actually said and what transpired in the room," and "to go back into the entire conversation again." Defendants' counsel by leading question again asked what plaintiff had "indicated" in the conversation, and objection was again sustained. Again there is no showing as to what the proffered answer would have been.

Although the record does not otherwise reflect the fact, and although there is no showing of either a tender or exclusion, it appears from a formal bill of exception that defendant "was seeking to introduce testimony by" the officer given in the previous trial in a Louisiana city court, transcript of which read in part: "I asked him, 'My goodness, what happened over there? It look like you were way over on the other man's road.' He says, 'Yes, I hit either a hole or a bump in the road and I went on the other side, that's all.' "

We are thus called on to decide a confusing point under a confused record. If it may be said the record was perfected, the transcript of the prior testimony was not admissible in our opinion. Defendants say it was admissible as a prior consistent statement under the "recent fabrication"

doctrine because plaintiffs' counsel "had created the impression before the jury that he had impeached" the witness "on the latter's testimony to the effect that Gregory had admitted to him going on the wrong side of the road, and thereby causing the accident."

The rules applicable to a recent fabrication situation are given in Aetna Ins. Co. v. Eastman, 95 Tex. 34, 64 S.W. 863 and Skillern & Sons, Inc. v. Rosen, Tex.Sup., 359 S.W.2d 298. Under these decisions the evidence was not admissible because (1) Although there was impeaching evidence as to when the conversation took place, there was no attempt to impeach or contradict the witness as to the substance of the conversation. He simply modified or altered his own testimony at the present trial on cross-examination. (2) In the trial court defendants argued that the transcribed prior testimony of the witness was inconsistent—not consistent—with that at the trial. From it, counsel urged, he knew the witness believed the "sense of what Gregory told him was that Gregory got over on the wrong side of the road." (3) The prior testimony is not necessarily consistent with the testimony on the trial. (4) "The trial court has a wide discretion in applying the rule," and in determining whether a motive for fabrication existed, if there had been a showing of fabrication. (5) There is nothing to show motive to fabricate, or interest in fabrication. (6) The present testimony with reference to the substance of the conversation was not assailed on the ground the witness had fabricated it. (7) The evidence was subject to the hearsay rule, and under the cited cases, "the grounds which take it out of the rule ought clearly to appear."

Appellants say the verdict is excessive. Appellees say the trial court erred in requiring remittiturs. These contentions are overruled, as are all points.

Affirmed.